Francisca Longoria GARZA, Appellant,

v.

STATE of Texas, Appellee.

No. 2233cr.

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Jan. 20, 1983.

Joseph A. Connors, III, McAllen, for appellant.

Robert Salinas, Criminal Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Francisca Longoria Garza, appellant, stands convicted of third-degree felony theft. The jury which convicted her assessed punishment at six years' confinement. Appellant brings a total of thirty-seven grounds of error. We reverse the conviction and remand the case for a new trial for the reason given below.

On May 17, 1981, McAllen police officer Mitchell Reinitz returned home from a weekend out of town to find his apartment ransacked and nearly everything he owned stolen. Among the items taken was a gold 1974 McAllen High School class ring with Reinitz' full name inscribed inside the band. This ring was recovered from Mr. Lee Clark, a local pawnbroker, who had bought the ring from the appellant. According to a statement given by Clark to police at the time the ring was recovered, the appellant claimed the ring belonged to her brother. On the receipt forms filled out in connection with different transactions with Clark, the appellant gave similar but different addresses in different cities. A combination stereo-television valued at $1200, stolen in the same burglary, was recovered from Mr. Guadalupe Lozano, who had purchased it for $200 from the appellant and her brother after the appellant came into Lozano's place of employment soliciting to sell the set.

In her sixth ground of error, appellant alleges the trial court erred in refusing her requested jury charge on circumstantial evidence. The State conceded during oral argument that such refusal constitutes reversible error. We agree.

The appellant was charged with theft of the ring. (Tex.Penal Code Ann. § 31.03[a] and [b][1] [Vernon Supp.1982]). Under this theory, the State was obligated to prove that the appellant *took* the ring without the effective consent of the owner and with intent to deprive the owner of the property. See *Maxwell v. State*, 628 S.W.2d 773, 779 (Tex.Cr.App.1982) (opinion on State's motion for rehearing). Because there was no direct evidence that appellant took the ring, the trial court had a duty to charge the jury on circumstantial evidence. *Maxwell v. State, supra,* at 779. Ground of error six is sustained.

Appellant claims that the evidence is legally insufficient to sustain the conviction because the State failed to rebut appellant's explanation of how she obtained the ring. As part of its case, the State introduced a written statement given to the police by the pawnbroker who bought the ring from appellant. In the statement, the pawnbroker stated that the appellant told him that the ring belonged to her brother. Appellant argues that this constitutes an exculpatory statement by which the State was bound unless it was refuted by other evidence. See *Palafox v. State,* 608 S.W.2d 177 (Tex. Cr.App.1979).

To invoke the rule regarding exculpatory statements, appellant must first establish that she admitted doing the acts which would ordinarily constitute the gravamen of the offense. In other words, the statement of the accused must be a confession plus an assertion that would exculpate the accused before the State is bound thereby. *Palafox, supra; Simon v. State,* 488 S.W.2d 439 (Tex.Cr.App.1973). Appellant's explanation to the pawnbroker did not amount to an exculpatory statement which the State was bound to refute. At the time the statement was allegedly made, the appellant was not being accused of anything, nor was she admitting to any crime. The truth or falsity of the explanation was simply a matter for the jury. We overrule ground of error number one.

Next, appellant maintains that the evidence was insufficient in that it failed to exclude every reasonable hypothesis except her guilt. Mere personal possession of stolen property alone is not sufficient to sustain a conviction of theft. This is especially true if that possession, when first challenged, is reasonably explained by defendant to show its honest acquisition. *Prodan v. State,* 574 S.W.2d 100, 102 (Tex.Cr.App. 1978); *Smith v. State,* 518 S.W.2d 823, 824 (Tex.Cr.App.1975). Whether the explana-

tion of acquisition is reasonable and probably true is a question for the jury. *Adams v. State,* 552 S.W.2d 812, 815 (Tex.Cr.App. 1977).

█ Appellant's statement to the pawnbroker that the ring belonged to her brother was refuted by other evidence that the owner's full name was inscribed thereon, and by evidence of the appellant's possession and sale of another item (the TV-stereo) stolen in the same burglary. Grounds of error seven, eight and nine are overruled. Under the circumstances of this case, appellant's possession of the ring and her assertion of ownership or the right to sell it were sufficient to support the jury's finding of guilt. See *Maxwell v. State, supra; Prodan v. State, supra.*

Next, appellant claims the evidence is insufficient because the indictment and proof differ. Specifically, appellant argues that while the indictment alleges an offense under section 31.03(a) and (b)(1), the evidence shows an offense, if at all, under section 31.03(a) and (b)(2). The evidence outlined above is sufficient to support a conviction under section 31.03(a) and (b)(1). See *Maxwell v. State, supra,* at 779. Ground of error twenty-six is without merit and is overruled.

Appellant directs a number of grounds of error at the indictment. Three of the grounds are addressed to the trial court's overruling of appellant's motion to quash the indictment for the following alleged infirmities: 1) failure to allege the manner in which the appellant exercised control over the property; 2) failure to properly notify the appellant of the nature and cause of the accusation; and 3) failure to set forth in plain and intelligible words the property or subject matter of the offense.

The indictment charges that the appellant

"did then and there unlawfully, intentionally and knowingly exercise control over property, other than real property, to-wit: one (1) ring belonging to MITCHELL REINITZ, the owner thereof, who then and there had a greater right to possession of the property than did the defendant and had possession of the property when the property was stolen, without the effective consent of said owner and was without consent of any person legally authorized to act for the owner, and with intent to deprive the owner of said property, said property being then and there of the value of at least $200.00 and less than $10,000.00;"

█ Generally, when the terms and elements in the indictment are statutorily defined, the definitions are evidentiary and need not be further alleged in the indictment. *Ferguson v. State,* 622 S.W.2d 846, 850 (Tex.Cr.App.1981) (opinion on State's motion for rehearing); *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Cr.App.1981) (opinion on State's motion for rehearing). Even though an act or omission is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then on timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State, supra,* at 851.

█ The legislature did not provide any further definition of "exercise control," which itself is an alternative means of "appropriation" under the theft statute. Tex. Penal Code Ann. § 31.01, 31.03 (Vernon Supp.1982). The indictment need not be more specific as to how the appellant exercised control over the ring. It gave the appellant sufficient notice of the nature of the accusation. Grounds of error twenty-three and twenty-four are overruled. Compare *Gorman v. State,* 634 S.W.2d 681 (Tex. Cr.App.1982) and *Ferguson v. State, supra.*

█ Appellant also claims as insufficient the indictment's description of the property stolen as "one ring belonging to MITCHELL REINITZ ... of the value of at least $200.00 and less than $10,000.00." See Tex.Code Crim.Pro.Ann. art. 21.09 (Vernon Supp.1982). A generic description of personal property in an indictment is adequate if it alleges 1) quantity; 2) general type of property (more specific than the words "property" or "merchandise"); 3) ownership of the property; and 4) if neces-

sary, the jurisdictional value of the property. *Wood v. State,* 632 S.W.2d 734, 736 (Tex.Cr.App.1982).

■ Our indictment satisfies these criteria. We overrule this ground of error.

■ Finally, appellant contends the indictment is fatally defective because it fails to commence with the words: "In the name of and by authority of the State of Texas." Appellant's argument stems from the fact that on the paper, above the required statutory preface of the indictment and separated therefrom by a double printed line, appears the following caption and other identifying information:

| | |
|---|---|
| "No. CR–401–81–E | Bond $3,000.00— 6/12/81 |
| The State of Texas | Comp. # 81–457 |
| Vs. Francisca Longoria Garza | McAllen Municipal Court |
| | McAllen Police Department |
| Charge: Theft | Court: 275th D/A 5/21/81" |

It is firmly established that captions and identifying information such as these are not part of the indictment. *West v. State,* 6 Tex.Cr.App. 485 (1879); *Winn v. State,* 5 Tex.Cr.App. 621; see also *Stansbury v. State,* 128 Tex.Cr.R. 570, 82 S.W.2d 962 (Tex.Cr.App.1935); and *Owens v. State,* 25 Tex.Cr.App. 552, 8 S.W. 658 (1888). No error is presented. Ground of error thirty is overruled.

In view of our treatment of ground of error number six, it is unnecessary to consider the remainder of appellant's grounds of error. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.