Alice Faye GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 88 112 CR.

Court of Appeals of Texas, Beaumont.

March 22, 1989.

Stanley F. Swenson, Houston, for appellant.

David K. Walker, Thomas D. Glenn, Houston, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of the offense of felony theft and assessed punishment at five years' confinement in the Texas Department of Corrections and a fine of $5,000. Appellant brings this appeal from the judgment of the trial court.

By her points of error numbers four through six, appellant complains that the trial erred in overruling her motion to quash the indictment. The indictment upon which appellant was tried, alleged, in pertinent part, that she did,

> pursuant to one scheme and continuing course of conduct, without the effective consent of the owner, Edna Jones, and with intent to deprive the owner of the property, intentionally appropriate, *by acquiring and otherwise exercising control over, said property*, namely, United States money....

(Emphasis added) Appellant filed a motion to quash the indictment on the ground that

even though the indictment did specify which statutory definition of "appropriate" it would rely on, it failed to give sufficient notice of the particular offense with which she was charged. It is clear that appellant sought to have the state specify the manner and means by which appellant allegedly acquired or otherwise exercised control over the money.

The failure of a charging instrument to allege facts sufficient to give the accused notice of precisely what he is charged with is a ground for an exception to the form of that charging instrument. *Adams v. State*, 707 S.W.2d 900, 901 (Tex. Crim.App.1986). When a challenge to an accusation for failure to give adequate notice on which to prepare a defense is properly and timely asserted with adequate statement of the manner in which notice is deficient, fundamental constitutional protections are invoked. *Adams*, 707 S.W.2d at 901; *Drumm v. State*, 560 S.W.2d 944, 946 (Tex.Crim.App.1977). First, we must decide whether the indictment failed to convey some requisite item of notice. *Adams*, 707 S.W.2d at 903. If sufficient notice is given, that ends our inquiry. *Id.* If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and finally, how great an impact. *Adams*, 707 S.W.2d at 903.

In this case, appellant sought more specific notice of the nature of the accusation against her than was mandated by *Gorman v. State*, 634 S.W.2d 681 (Tex. Crim.App.1982). In *Gorman*, the court of criminal appeals held that an indictment which merely alleged that the defendant appropriated property without specifying which statutory definition of "appropriate" the state would rely upon, was subject to being quashed upon a proper and timely motion. Thus, *Gorman* does no more than establish an exception to the general rule that when the terms and elements in an indictment are statutorily defined, the definitions are evidentiary and need not be alleged. *See Baldwin v. State*, 538 S.W.2d 109, 112 (Tex.Crim.App.1976). *Gorman* established that a defendant was entitled to

have the charging instrument indicate whether the state intended to prove he appropriated property by bringing about a transfer or purported transfer of title under *TEX.PENAL CODE ANN. sec. 31.-01(5)(A)* (Vernon Supp.1989) or by acquiring or otherwise exercising control over the property under *TEX.PENAL CODE ANN. sec. 31.01(5)(B)* (Vernon Supp. 1989) or both. The indictment in the present case clearly alleges appropriation by "acquiring and otherwise exercising control" over the property and is, therefore, in compliance with *Gorman.*

However, there are situations in which an accused is entitled to more detailed allegations in a charging instrument than are provided by the language of the statutes. Such is the case where the statutory language used in the indictment to describe an act of which the defendant is accused is not completely descriptive of the offense alleged. *Cruise v. State,* 587 S.W.2d 403 (Tex.Crim.App.1979); *Haecker v. State,* 571 S.W.2d 920 (Tex.Crim.App.1978).

As to whether our accused is entitled to have a theft indictment state the manner and means by which he allegedly "otherwise exercised control" over property, we have found only one case which has addressed the issue. *See Garza v. State,* 653 S.W.2d 850 (Tex.Civ.App.—Corpus Christi 1982, no pet.). In *Garza,* the court of appeals held that since the legislature did not provide any further definition of "exercise control," the indictment need not be more specific as to how the defendant exercised control over the property in question. We decline to follow the reasoning in *Garza* because it seems to ignore the holdings in such cases as *Cruise* and *Haecker.*

In *Cruise,* the indictment charged the defendant with assault by "causing bodily injury" to the victim. *TEX.CODE CRIM. PROC.ANN. art. 21.03* (Vernon 1966) requires that "[e]verything ... be stated in an indictment which is necessary to be proved." Since the state could not hope to prove that the defendant caused bodily injury without adducing facts showing how he did so, the court of criminal appeals held that the trial court erred in refusing to order the state to disclose such facts upon a motion to quash on such grounds. *Cruise,* 587 S.W.2d at 404. Likewise, in the present case, the state could not have hoped to prove that appellant acquired or exercised control over the money without proving the means by which appellant did so.

Furthermore, it is difficult to imagine a less precise description of any act of any accused than to say that she "otherwise exercised control" over something. Since such language is not completely descriptive of the act for which appellant was charged, she was entitled to have the indictment allege the manner and means by which she allegedly exercised control over the money. *See Haecker,* 571 S.W.2d at 920.

■ Having concluded that the indictment failed to convey this requisite notice, we must now determine whether, in the context of this case, such failure had an impact upon appellant's ability to prepare a defense. At trial, the state's evidence showed that appellant acquired and exercised control over the money by depositing into her own savings account, five checks payable to appellant, drawn on a money-market account of Mrs. Jones. Appellant filed a motion in limine on the day trial began, which sought to prevent the state from attempting to introduce (1) any checks or copies of checks from the account of Edna M. Jones in Texas Banc Savings in Montgomery, Texas, (2) any checks or copies of checks from the account of appellant in First State Bank of Magnolia, and (3) any bank statements or copies of bank statements from either of the two accounts. Appellant presented no evidence at the trial on the merits. Furthermore, appellant did not argue that the state failed to prove she appropriated the money, but rather argued that there was insufficient evidence that Mrs. Jones did not give effective consent to such appropriation.

Appellant argues that she was entitled to notice that Mrs. Jones did not sign the checks and/or by what device, such as forgery or other misconduct, appellant acquired or otherwise exercised control over

Mrs. Jones' money. Therefore, appellant argues, the defect in the indictment prevented her from preparing a defense which might have disputed Mrs. Jones' testimony that she did not sign the checks. However, this testimony related to whether Mrs. Jones consented and whether any consent she gave was effective and does not relate to whether appellant appropriated the money in question. Appellant's motion to quash did not raise any issue regarding consent by Mrs. Jones. The indictment adequately alleged this element of the offense of theft because the effectiveness of the owners' consent, if any, is not an act of the defendant.

The defect in the indictment denied appellant notice that the state intended to prove she appropriated the money by depositing the checks mentioned above into her own account. Appellant's motion in limine clearly shows that she was aware of the existence and importance of the state's case. In the circumstances of this case, we hold that the defect in the indictment did not prejudice the substantial rights of appellant. Appellant's points of error numbers four through six are overruled.

■ By her first three points of error, appellant challenges the sufficiency of the evidence to support the jury's verdict. In determining the sufficiency of the evidence, we must view all the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (on rehearing).

In order to prove that appellant committed this theft, the state was required to prove the following elements:

1. that the appellant did,
2. with intent to deprive the owner of property,
3. appropriate property,
4. without the owner's effective consent.

*TEX.PENAL CODE ANN. sec. 31.03(a) & (b)(1)* (Vernon Supp.1989); *Hughes v. State*, 561 S.W.2d 8, 10 (Tex.Crim.App.1978). The evidence presented to the jury reflects that

appellant deposited five checks totalling $18,200, drawn on Mrs. Jones' money-market account between August 20, 1986 and September 18, 1986, into appellant's savings account. Each of the checks were made payable to appellant in an amount of at least $3,000. These checks were honored by Mrs. Jones' bank, and it is undisputed that Mrs. Jones' account was debited $18,200 because of these transactions.

Mrs. Jones testified that during the period of time in question, appellant performed domestic work in Mrs. Jones' home. Mrs. Jones testified that appellant's wages were $3.00 per day and that she paid appellant by check once a week. Mrs. Jones stated that she let appellant fill out the check, then she (Mrs. Jones) would examine it before signing it. Mrs. Jones never signed a blank check for appellant. She testified that she did not sign the five checks in issue, nor did she make any gift to appellant or authorize appellant to execute these checks.

Joyce Norwood, the operations officer at Mrs. Jones' bank, testified that Mrs. Jones executed a forgery affidavit relating to each of the five checks. The purpose for such affidavits was to state that Mrs. Jones had not signed these checks. Norwood also stated that she saw Mrs. Jones sign the affidavits. She also stated that the signatures of the payor on each of the five checks appeared to be the same as Mrs. Jones' signature on the forgery affidavits.

Appellant argues that section 31.01(5)(B) of the Penal Code which defines "appropriate" requires proof that appellant committed some act of proscribed conduct such as coercion, deception or forgery as an operative device to "acquire or otherwise exercise control over property." Appellant further argues that such proscribed conduct which results in "appropriation" of property is the circumstance which vitiates the owner's consent. This argument ignores the fact that Mrs. Jones' testimony was that she gave no consent of any kind to appellant's exercising control over her property. She stated that she did not sign these checks. Even though Joyce Nor-

wood's testimony raised a question as to whether Mrs. Jones signed the five checks, Mrs. Jones' testimony that she did not sign them refuted this hypothesis. The credibility of the two witnesses was a fact question for the jury, and they were entitled to believe Mrs. Jones. Thus, the evidence supports jury findings that appellant appropriated Mrs. Jones' money and that she did so without any consent by Mrs. Jones.

The undisputed fact that appellant deposited each check into her own bank account is sufficient to prove that she exercised control over the money. It is also sufficient to prove that appellant appropriated the money with the intent to dispose of the money in a manner that made it unlikely that Mrs. Jones would recover it. *TEX.PENAL CODE ANN. sec. 31.01(3)(C)* (Vernon 1974). Appellant also withdrew the money from her own account, making recovery by Mrs. Jones even less likely. Therefore, we find that a rational fact finder could reasonably find that each element of the offense of theft was proved beyond a reasonable doubt. *See Hughes*, 561 S.W.2d at 10. Appellant's points of error numbers one through three are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring and dissenting.

The Appellant endeavored to require the State to allege with specificity the detailed manner and means by which the Appellant, Alice Faye Green, allegedly acquired or otherwise exercised control over the money that the indictment stated was owned by the complainant, Edna Jones. As a matter of reasonable, good practice the State, cognizant of prior decisions, was probably aware of the pitfalls involved in specifically alleging the "manner and means" if the same are not required. Yet if the "manner and means" are pleaded and the State fails to prove the actual manner and means, then a reversal is probable. In view of the entirety of the record in the case, I think that the allegations of the indictment were sufficient to give adequate notice to the Appellant and that such notice was ample to put the Appellant in a position to adequately and sufficiently prepare her defense.

However, see *Gorman v. State*, 634 S.W. 2d 681 (Tex.Crim.App.1982). In *Gorman*, the Court wrote at 685:

"The supposition that a multiplicity of variant theories will be alleged in an indictment returned after a motion to quash is granted will become a fact only in those cases where some evidence is presented to the grand jury supporting each of the 'multiplicity of variant theories.' And in that rare case where there is such evidence, the accused is certainly entitled to notice of the State's multiple theory of culpability."

*Gorman* further states that theft by appropriation involves an act that in turn may be bodily movement and may also include speech. In fact, *TEX.PENAL CODE ANN. sec. 31.01(5)(B)* (Vernon Supp.1989) reads:

"(B) to acquire or otherwise exercise control over property other than real property."

As a general rule, the allegations in the indictment that track the statute are considered sufficient. I think that the holding and reasoning in *Garza v. State*, 653 S.W. 2d 850 (Tex.App.—Corpus Christi 1982, no pet.), is sound and should be followed here.

In *Garza*, the Corpus Christi Court of Appeals, by unanimous decision, pointed out that the Legislature did not provide any further definition of "exercise control." The indictment gave this Appellant sufficient notice of the nature of the accusation against her. Furthermore, since the State could, I think, prove the offense charged by direct evidence commingled with circumstantial evidence, I think the State could have made out its case without proving the detailed means by which the Appellant committed the offense. Hence, I take exception to the majority opinion.

I disagree that the indictment in question failed to convey to Alice Faye Green any requisite notice that would deprive this Appellant of the ability to prepare her defense. As a practical matter, the State demonstrated upon the trial that this Ap-

pellant acquired control over the monies of Edna Jones by depositing the same into her own; that is, the Appellant's, savings account. This was done by means of five checks that were payable to the Appellant and were drawn on the Money Market Account belonging to Edna Jones.

Next, the Appellant's attack shifted to the averment that there was insufficient evidence to show that Edna Jones did not give her effective consent to appropriations of Mrs. Jones' funds. The challenged indictment is clear on that point. It unequivocally set forth that Alice Faye Green's one scheme and "continuing course of conduct" was without the effective consent of the owner, Edna Jones.

Furthermore, the indictment set forth with specificity the aggregate amount of money of which Edna Jones was deprived. This was done by setting out the following allegations that, on or about each of the following dates, Edna Jones was deprived of her money:

"On or about August 20, 1986, in United States money in the amount of $3,000.00;
"On or about August 29, 1986, in United States money in the amount of $4,000.00;
"On or about September 3, 1986, in United States money in the amount of $4,000.00;
"On or about September 18, 1986, in United States money in the amount of $3,200.00;
"On or about September 18, 1986, in United States money in the amount of $4,000.00."

I would follow the reasoning in *Garza v. State, supra.* The rationale of the Corpus Christi Court was:

"The legislature did not provide any further definition of 'exercise control,' which itself is an alternative means of 'appropriation' under the theft statute. Tex.Penal Code Ann. sec. 31.01, 31.03 (Vernon Supp.1982). The indictment need not be more specific as to how the appellant exercised control over the ring. It gave the appellant sufficient notice of the nature of the accusation...."

I think that a reading of the complete indictment herein gives adequate notice of the nature of the accusation against Appellant and certainly sets out the times, dates and amounts of United States money involved.

In my opinion, there was no prejudice to the substantial rights or the procedural rights of this Appellant in regards to the indictment. Since the indictment unequivocally pleaded that there was no effective consent of the owner, Edna Jones, and in view of the fact that Edna Jones' testimony was clear that she gave no consent of any kind to the Appellant to exercise any control over her (Jones') property, and in view of the fact that Jones stated that she did not sign the checks in question; then, it clearly is shown that the Appellant wrongfully appropriated to her own accounts the funds of Edna Jones. Therefore, I agree that the evidence and testimony in this record amply sustains the jury findings that the Appellant, Alice Faye Green, appropriated Mrs. Jones' money and that Alice Faye Green did so without the effective consent of Edna Jones, who was the owner.

Since the Appellant had deposited each of the checks into her own bank account, this action clearly demonstrated that she was exercising control over the money and that, hence, there was evidence in the record of probative force sufficient to prove that the Appellant appropriated Mrs. Jones' Money Market funds and Jones' money with the intent to dispose of the same in a manner that would make it unlikely that Mrs. Jones could recover it. This evidence is coupled with the fact that the Appellant also *withdrew the money from her own account which proved that Green's intent was to make a recovery by Mrs. Jones of her own money less likely and much more difficult.*

The indictment set forth in plain, understandable and intelligible words the property involved and the subject matter and nature of the offense charged against this Appellant. The indictment alleged that the only deprived property was money acquired and controlled by Green. The indictment does not bring into play the concept of effecting a transfer or a purported transfer of the title or other non-possessory interest

in the property whether to the actor or another. Hence, the only thing, I think, we need concern ourselves with is the concept of acquiring, or otherwise exercising control over, property other than real property. *See TEX.CODE CRIM.PROC.ANN. sec. 31.01(5)(B)* (Vernon 1966). The allegations set forth the specific and detailed dates and the specific and detailed amounts of the deprivations.

*TEX. CONST. art. I, sec. 10* (1876, amended 1984), states, in substance, that in all criminal prosecutions the accused or the defendant:

"[S]hall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof...."

The legislature has provided that a meaningful guidance to the adequacy of the notice is that the offense must be set forth in plain and intelligible words. *TEX.CODE CRIM.PROC.ANN. art. 21.02(7)* (Vernon 1966).

*TEX.CODE CRIM.PROC.ANN. art. 21.-03* (Vernon 1966) states:

"Everything should be stated in an indictment which is necessary to be proved."

*TEX.CODE CRIM.PROC.ANN. art. 21.-04* (Vernon 1966) provides that:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

*TEX.CODE CRIM.PROC.ANN. art. 21.12* (Vernon 1966) states, in part:

"When a statute defining any offense uses special or particular terms, indictment on it may use the general term which, in common language, embraces the special term...."

Again, reading the indictment herein, in its entirety, I would stress that there was an adequacy of notice to this Appellant. Her contentions in this regard are not sound.