**Eddie RHODES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–260 CR.**

Court of Appeals of Texas, Beaumont.

Sept. 27, 1989.

**188**

Louis Dugas, Jr., Orange, for appellant.

John D. Kimbrough, Orange, for appellee.

OPINION

BURGESS, Justice.

A jury convicted appellant of escape, found two enhancement paragraphs "true", and assessed punishment at twenty-six years in the Texas Department of Corrections. Appellant argues two points of error. We affirm.

Appellant's counsel filed a brief in compliance with *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978) and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), presenting as an arguable point of error that the first enhancement paragraph of the indictment was void as it alleges a conviction for Delivery of a Controlled Substance which is not an offense.[1] The paragraph alleges:

[P]rior to the commission of the aforesaid offense by the said Eddie James Rhodes, to-wit, on the 15th day of January, 1980, in the 252nd District Court of Jefferson County, Texas, in Cause No. 37431 on the docket of said court, the said Eddie James Rhodes was duly and legally convicted in said last named court of a felony, to-wit: Delivery of a Controlled Substance upon an indictment then legally pending in said last named court and of which said court had jurisdiction. . . .

Appellant argues since the allegation does not name the controlled substance there can be no way to determine if the conviction was for a felony or misdemeanor.

Appellant did not raise this objection to the indictment prior to the date of trial and thus waived any defect in the allegations of the indictment. *TEX.CODE CRIM.PROC.ANN.* art. 1.14(b) (Vernon Supp.1989). Allegations of prior convictions for enhancement need not be alleged with the same particularity as charging of the original offense. *Freda v. State*, 704 S.W.2d 41 (Tex.Crim.App.1986). The purpose of the enhancement allegations is to provide the accused with notice of the prior conviction to be relied on and avoid surprise. *Cole v. State*, 611 S.W.2d 79 (Tex. Crim.App.1981). Appellant does not con-

1. Appellant had a court-appointed appellate counsel who was not the trial counsel.

tend he was surprised, mislead to his prejudice, or harmed in any manner by the allegations of the indictment. Appellant does not contend the prior conviction was for other than a felony. In fact, the evidence admitted at trial to prove the prior conviction included a judgment which stated on its face appellant was indicted and convicted of the felony offense of delivery of a controlled substance, namely methamphetamine. *See and compare Doucette v. State,* 774 S.W.2d 88 (Tex.Civ.App.—Beaumont 1989). The indictment alleged the prior conviction by date, court, county and state, style, type of charging instrument and type of offense, and was thus sufficient notice. The first enhancement paragraph of the indictment is not void. The point of error is overruled.

Appellant filed a pro se brief with this court, urging as error "[t]he trial court was in error for failure to instruct the jury that charge code 38.07A2 was a class A misdemeanor." The complaint under this point of error contends the indictment, the charge and the evidence support only a conviction for misdemeanor escape.

 The indictment alleged appellant escaped from custody after being charged with the offense of possession of a controlled substance, to-wit: methamphetamine, and at the time of the escape he was confined in a penal institution, to-wit: Orange County, Texas jail. The state alleged appellant escaped while confined in a penal institution. The proof at trial and the charge to the jury conform to the allegations of the indictment. The offense so described is a third degree felony, not a misdemeanor as asserted by appellant. *TEX.PENAL CODE sec. 38.07* (Vernon 1989). *Id.,* sec. 38.07(a)(2) describes the offense of escape. *Id.,* sec. 38.07(c)(2) describes additional circumstances which make the offense described in section 38.07(a)(2) a felony. Appellant's point of error is overruled.

AFFIRMED.