Frank Leonard **HASLEY**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–89–076 CR.

Court of Appeals of Texas, Beaumont.

Nov. 1, 1989.

Jerry V. Pennington, Morris & Pennington, Orange, for appellant.

Kerry M. Klintworth, First Asst. County Atty., Orange, for State.

## OPINION

BURGESS, Justice.

A jury convicted appellant of delivery of a controlled substance, found true the two enhancement allegations of the indictment, and assessed punishment at fifty years' confinement in the Texas Department of Corrections. Appellant urges three points of error.

Appellant's first point alleges error in admitting an audio tape of the alleged drug transaction. Appellant argues the tape was not properly authenticated.

Identification of a voice based upon hearing the voice at any time under circumstances connecting it with the alleged speaker meets the requirement of authentication or identification sufficient to support a finding that the matter in question is what its proponent claims as a condition precedent to admissibility. *TEX.R.CRIM. EVID. 901(b)(5)*.

A police officer testified that appellant approached his vehicle, negotiated a sale and then delivered the controlled substance. The officer further testified he had a minicassette recorder in his car and recorded the entire transaction. He identified the cassette the one containing the audio recording of the offense, stated it was a true and correct recording of the entire transaction, and identified all of the voices in the transaction, including appellant's.[1] The officer made an in-court identification of appellant as the individual who committed the offense and as the speaker which appellant was tried was offered and admitted into evidence.

---

1. The officer testified the tape contained unrelated offenses by other individuals. Only the portion of the tape containing the offense for

on the audio tape. He identified the voice on the tape recording as appellant's based on hearing appellant's voice during the offense and seeing appellant as he actually spoke. The officer's testimony establishes the authenticity of the tape. The trial judge did not abuse his discretion in admitting the audio recording into evidence. *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim. App.1977). Appellant's first point of error is overruled.

■ Appellant's second point of error urges the court erred in admitting a copy of a judgment regarding a prior conviction because the copy was not a true and correct copy of the original judgment and was therefore not entitled to be admitted as an exception to hearsay. The state tendered a "pen packet" certified by the Texas Department of Corrections' custodian of records as true and correct copies of originals on file with the Texas Department of Corrections. The judgment in the "pen packet" was a certified copy from the office of the district clerk of the county in which the conviction was obtained. At trial, appellant brought to the court's attention a second copy of a judgment purporting to be in the same cause number but bearing a different date and sentencing appellant to a longer term. It was obviously a different document from that tendered by the state. Appellant's document was a copy which bore a filemark of the district clerk's office, but which was not otherwise authenticated. It was offered without objection for the stated limited purpose of the objection to the introduction of the "pen packet", but was never admitted into evidence. Appellant argues the judgment tendered by the state was inadmissible because it was not a true and correct copy. However, appellant does not argue the certification of the "pen packet" was defective. Nor does appellant attack the existence of the conviction. In fact, appellant pleaded "true" to this conviction and testified he was convicted of that offense in the year, court, and cause number stated in the judgment. This speaks to the weight of the evidence and not to its admissibility. *Robinson v. State*, 739 S.W.2d 795 (Tex. Crim.App.1987). As this same conviction

was admitted by appellant on direct testimony, error, if any, is waived. *Ricondo v. State*, 657 S.W.2d 439 (Tex.App.—San Antonio 1983, no pet.). Although appellant does not contend the actual sentence was different from that stated in the judgment viewed by the jury, any error in giving the jury the impression appellant's previous conviction was for twelve years, as stated in the judgment offered by the state, instead of twenty, as stated in the document produced by appellant, would beyond a reasonable doubt make no contribution to the punishment. *TEX.R.APP.P. 81(b)(2)*. Appellant's second point of error is overruled.

■ The final point of error urges the evidence was insufficient to support the conviction. Appellant's sole complaint under this point is the sufficiency of the identification of appellant. The police officer made a positive in-court identification of appellant as the person who committed the offense. Appellant contested the reliability of the identification by developing testimony it was dark at the time of the offense, the officer initially thought appellant was a different person, and the officer was shown a single photograph of appellant three days after the offense. Viewing the evidence in the light most favorable to the jury's verdict, it is clear a rational trier of the facts could have found all of the elements of the offense beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747 (Tex.Crim.App.1988). Appellant's third point of error is overruled and the judgment affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

On June 28, 1989, this Court handed down *Doucette v. State*, 774 S.W.2d 88 (Tex.App.—Beaumont 1989, pet. filed). This Court reversed two judgments whereby the Appellant was convicted twice in a consolidated trial of two offenses of felony bail jumping. The Court in *Doucette* held that the issue was whether the face of the two indictments conferred jurisdiction upon the district court. The Court's opinion stated: "We hold the indictments fail to confer

jurisdiction upon the district court because they fail to show whether the offense charged is a felony or misdemeanor". By implication the Court's opinion in *Doucette* decided that cases of this type resulted in void indictments. The Court in *Doucette* failed to analyze the record for error under *TEX.R.APP.P. 81(b)(2)*.

But in *Rhodes v. State*, 778 S.W.2d 187 (Tex.App.—Beaumont, 1989), the Court in substance reasoned that the indictment, alleging in an enhancement paragraph the prior conviction by date, court, county and state, style, type of charging instrument and type of offense, was sufficient. The indictment was certainly not void.

According to the opinion in *Doucette, supra,* the indictments therein alleged the date of the offense and described the offense. Also the court, the county, the state, the style, the number (being in the 75th Judicial District Court of Liberty County, Texas) were clearly set out. The offenses for which the said James Thomas Doucette's appearances were required were clearly set forth. They were theft— habitual offender. Hence, the types of offenses were correctly alleged.

In *Rhodes, supra,* the opinion dealt with an enhancement paragraph. Rhodes complained that the accusatory pleading did not notify him of what type of controlled substance he had been convicted of, being the delivery of an unidentified substance. As a practical matter on the question of notice or sufficiency, I submit that the Court in *Rhodes* overruled or stringently limited its holding in *Doucette, supra.* Moreover, the indictments in *Doucette* were not void; they conferred jurisdiction on and in the 75th District Court of Liberty County.

Furthermore, in *Hasley v. State*, now sub judice, the Appellant complained concerning the judgments in prior convictions. Therein one certified judgment showed that the Appellant's prior conviction was for 12 years while another judgment in the same cause called for punishment set at 20 years. The Court now applies the harmless error rule under *Rule 81(b)(2)*, finding no harm. Query: *I agree with the result here* but ask why apply *Rule 81(b)(2)* here, when the Court failed or neglected to do so in *Doucette?* Perhaps, no harm could be found in *Doucette.*

*Adams v. State,* 707 S.W.2d 900 (Tex. Crim.App.1986) construed *TEX.CODE CRIM.PROC.ANN. Art. 21.19* (Vernon 1989), which statute the Court stated mandated that a judgment shall not be reversed by reason of any defect of form *which does not prejudice a substantial right, or substantial rights, of the defendant or accused.* None of Doucette's substantial rights were prejudiced.

Our Ninth Court of Appeals in *Green v. State,* 767 S.W.2d 919 (Tex.App.—Beaumont 1989, pet. ref'd), stated that, when a challenge to an accusation for failure to give proper notice on which to prepare a defense is correctly and timely urged (with a sufficient statement of the manner in which notice is deficient) then fundamental, constitutional protections are involved, citing *Drumm v. State,* 560 S.W.2d 944, 946 (Tex.Crim.App.1977). If, however, sufficient notice is given; then the inquiry ends. If not, however, the next inquiries would be what harm or impact this deficiency had on an accused's ability to prepare a defense and, finally, how great a harm or impact occurred, citing *Adams v. State, supra.*

Basically, then, a harm analysis, or at least a great impact analysis, was applied by this appellate court in *Green v. State, supra,* and this harm or great impact analysis was applied to a fundamental, constitutional protection or constitutional right. But we affirmed *Green, supra.* Surprisingly, the Ninth Court failed to follow *Green, supra,* in its own decision in *Doucette v. State, supra.*

Even when there is a material misdirection of the law, then the next and necessary determination is whether (under the circumstances of the case) the error was calculated to injure the rights of the accused. To result in a reversal, the error must have been calculated to be harmful and to actually injure the rights of the accused. In other words, the accused had to suffer harmful error and injury to his substantial rights even though an objection

had been made. *See and compare Almanza v. State,* 686 S.W.2d 157, 171, 172, 173 (Tex.Crim.App.1984). Admittedly, *Almanza, supra,* addressed error in the charge, but the rationale and reasoning therein are reasonably and compellingly logically applicable in this case and in *Doucette, supra.* Hence, a defect involving a fundamental or constitutional protection or right of an accused, will not result in a reversal unless harm or impact or great harm or great impact is demonstrated. *TEX.CODE CRIM.PROC.ANN. Arts. 21.17, 21.18, 21.-19* (Vernon 1989). *Article 21.18* specially provides matters of which judicial notice is taken need not be stated in the indictment. The District Judge in *Doucette, supra,* had the underlying offenses (felony thefts—habitual offenders) set out in the indictments before him in his own court's records. *Doucette, supra,* was wrongly decided.

I concur with the affirmance; but I think that the Court's opinion in *Hasley* sub judice logically overturns or seriously modifies *Doucette.*