Affirmed and Memorandum Opinion filed June 23, 2009








Affirmed and Memorandum Opinion filed June 23, 2009.  

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-01146-CR

_______________

 

VIRGIL JAMES JORDAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1160667

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In a single  issue, appellant, Virgil James Jordan,
contends the evidence is legally and factually insufficient to support his
conviction for delivery of a controlled substance, namely, cocaine, weighing
less than one gram.  Because all dispositive issues are settled in law, we
issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I. Background








Tommy Chapman, a Houston Police Department narcotics
officer, testified that, on March 27, 2008, he was working undercover by
purchasing drugs in an area of Houston known for crack cocaine problems.  At
approximately 5:30 p.m., a man, later identified as appellant, flagged down
Officer Chapman, who was driving an unmarked car.  When Officer Chapman stopped,
either he asked appellant, or appellant asked him, what he was looking for. 
Officer Chapman said he was looking for Aa 40,@ which means $40
worth of cocaine in Astreet language.@  Appellant said
he could get the drugs and asked Officer Chapman to drive around the block,
which is a common practice.  Officer Chapman drove around the block and then returned. 
Appellant handed Officer Chapman crack cocaine.  Officer Chapman handed
appellant two unmarked $20 bills.  Officer Chapman drove away and radioed other
undercover officers, who were conducting surveillance of this activity.  He
described appellant to the other officers and reported the transaction had
occurred.  A marked patrol car unit was then instructed to detain and identify
appellant. 

Houston Police Officer Noe Juarez testified he and another
officer detained appellant within ten seconds after the report from Chapman. 
Officer Juarez explained appellant was the only person in the area matching
Officer Chapman=s description of the suspect.  Officer
Juarez obtained appellant=s identifying information and provided it
to Officer Chapman.  Officer Chapman testified that, a few hours later, he
entered appellant=s information in a police department
computer which returned a picture of appellant.  At that time, Officer Chapman
confirmed from the picture that appellant was the man who sold him cocaine.  

In contrast, appellant testified he did not sell any drugs
on March 27, 2008.  He  admitted he was stopped by Officer Juarez, but claimed
he was in the area merely to deliver a dog for a friend. 








Appellant was not arrested that day because the drug
transaction was conducted as part of a larger, ongoing investigation, but he
was arrested six days later.  The drugs purchased by Officer Chapman tested
positive as crack cocaine and weighed less than one gram.  A jury found
appellant guilty of delivery of a controlled substance, namely cocaine,
weighing less than one gram.  The trial court assessed punishment of eleven
years= confinement. 
During trial, appellant moved for a directed verdict, which was denied. 

II. Standard of Review

In his sole stated issue, appellant contends the trial
court erred by denying his motion for directed verdict, which we treat as a
challenge to the legal sufficiency of evidence to support his conviction.  Bargas v. State, 252 S.W.3d 876, 886 (Tex. App.CHouston [14th Dist.] 2008, no pet.)
(citing Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996)).  In the body of
his argument, appellant presents legal and factual sufficiency challenges, so
we will address both contentions.

In considering a legal-sufficiency challenge, we review all
evidence in the light most favorable to the finding to determine whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  The jury is the sole judge of the credibility of witnesses
and is free to believe or disbelieve all or part of a witness=s testimony.  Sharp
v. State, 707 S.W2d 611, 614 (Tex. Crim. App. 1986).  We ensure only that
the jury reached a rational decision and do not reevaluate the weight and
credibility of the evidence.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).  








In examining a factual-sufficiency challenge, we review all
evidence in a neutral light and set aside the verdict only if (1) the evidence
is so weak that the verdict seems clearly wrong or manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. See
Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v.
State, 204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006); Cain v.
State, 985 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Although we may
substitute our judgment for the jury=s when considering
credibility and weight determinations, we may do so only to a very limited
degree and must still afford due deference to the jury=s determinations. See
Marshall, 210 S.W.3d at 625.

III.  Analysis

A person commits a
state-jail felony if he knowingly delivers cocaine weighing, by aggregate
weight, including any adulterants or dilutants, less than one gram. See
Tex. Health & Safety Code Ann. ' 481.112(a), (b)
(Vernon 2003); Tex.
Health & Safety Code Ann. ' 481.102(3)(D) (Vernon Supp. 2008).  ADeliver@ means Ato transfer,
actually or constructively, to another a controlled substance, counterfeit
substance, or drug paraphernalia, regardless of whether there is an agency
relationship.@   Tex. Health & Safety Code Ann. ' 481.002(8)
(Vernon 2003).

Appellant contends
the evidence was insufficient to prove he delivered a controlled substance to
Officer Chapman.  However, Officer Chapman testified he was Aabsolutely certain
. . . [t]here is no doubt at all in my mind@ that appellant
was the person who sold him cocaine in a Ahand-to-hand
delivery.@  Officer Chapman explained he is trained to notice
details of a suspect=s appearance; at the time of the
transaction, appellant=s appearance was distinctive because he was
very thin and had Amatted@ hair with a Abig clump@ hanging on one
side, although he had gained weight and changed his hair style by the time of
trial.  Officer Chapman also testified the area where the transaction occurred
was well-lit.  Moreover, at trial, Officer Juarez positively identified
appellant as the person he detained almost immediately after this transaction.  Although appellant denied selling
cocaine to Officer Chapman, the jury was free to believe the officers= testimony.  See Sharp, 707 S.W.2d at
614; see also Hasley
v. State, 786 S.W.2d
733, 735 (Tex. App.CBeaumont 1989, pet. ref=d) (holding officer=s in-court identification of
defendant as person who sold him controlled substance was sufficient to support
conviction).   








Appellant contends the officers were
not credible for several reasons. Appellant emphasizes that Officer Chapman
described appellant=s distinctive hairstyle yet also testified
appellant wore a knit Askull cap@ at the time of
the transaction.  However, when asked how far appellant=s cap extended
down on his head, Officer Chapman began to explain, AI=m guessing, you
know, a couple of inches above the ear where I could see the - -,@ before being
asked another question.  Thus, the jury could have reasonably concluded that
appellant=s cap did not preclude Officer Chapman from noticing
his hair style.  

Appellant also asserts Officer Juarez
testified on cross-examination he did not find  the $40 on appellant when
detained and appellant testified he possessed only $11.86; thus, he could not
have just sold cocaine to Officer Chapman.  However, appellant misstates
Officer Juarez=s testimony;  he stated only that the police report did not reflect $40
was found on appellant.  He also clarified that Officer Chapman made the report
and it was Officer Juarez=s partner who searched appellant=s pockets.  Thus, the record
does not reflect whether appellant possessed $40 when detained.  Nevertheless,
considering the officers= accounts of the incident, the lack of any
testimony showing $40 was found on appellant does not render the evidence
insufficient to support his  conviction.   

Further, appellant
argues Officer Juarez=s testimony was internally inconsistent
because he first stated he checked appellant for money but then changed
his testimony when questioned about the amount of any money found.  However,
considering the first part of this testimony in context, the jury could have
concluded that Officer Juarez meant the officers collectively searched
appellant.  We find no reason to intrude on the jury=s role to
reconcile any conflicts in the witnesses= testimony and
evaluate their credibility. 

Finally, appellant
suggests he would not have sold drugs to Officer Chapman, citing his own
testimony that, on the date at issue, he knew Chapman was a police officer
based on previous encounters.  Officer Chapman agreed it was Apossible@ he had prior
contact with appellant.  However, he explained it is not uncommon for the same
person to sell him drugs more than once because the person does not remember
Chapman as an officer.  The jury was free to disbelieve appellant=s claim that he
knew Chapman was an officer. 








In sum, after
reviewing all the evidence in the light most favorable to the finding, we
conclude a rational jury could have found beyond a reasonable doubt that
appellant knowingly delivered cocaine weighing less than one gram.  Moreover,
after reviewing all evidence in a neutral light, it is not so weak that the finding
seems clearly wrong or manifestly unjust, and the finding is not against the
great weight and preponderance of the evidence.  

Accordingly, we
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Justice Seymore,
Brown, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).