



# MEMORANDUM OPINION

No. 04-10-00815-CR
No. 04-10-00816-CR
No. 04-10-00817-CR
No. 04-10-00818-CR

Kasey **WOODWARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2010-CR-1741, 2010-CR-1742, 2010-CR-1744, 2010-CR-1745
Honorable Sharon MacRae, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  November 2, 2011

AFFIRMED

A jury found appellant, Kasey Woodward, guilty of aggravated assault, aggravated assault on a public servant, and deadly conduct.  Appellant elected to have the trial court assess punishment.  Appellant pleaded not true to two enhancement paragraphs; however, the trial court found the enhancement paragraphs true and assessed punishment at fifty years' confinement for

each case.  In his sole issue on appeal, appellant challenges the legal sufficiency of the evidence in support of the trial court's finding that he was a habitual offender.  We affirm.

## DISCUSSION

For the purpose of finding appellant to be a habitual offender, the indictment alleged two prior felony convictions for enhancement purposes:

> And it is further presented in and to said Court, that before the commission of the offense alleged [], hereafter styled the primary offense, on the 30th of JULY A.D., 1987, in Cause No. 1987CR1212, Bexar County, Texas, the defendant was convicted of the felony of AGG ROBBERY-DEADLY WPN

> Before the commission of the primary offense, and after the conviction in Cause No. 1987CR1212 was final, the defendant committed the felony of AG ASLT-SER BOD INJ-NONFAM-GUN and was convicted on the 3rd day of FEBRUARY, A.D., 1993 in Cause No. 1992CR2776, in Bexar County, Texas[.]

As proof of these convictions, the State offered three exhibits into evidence at the punishment phase: 2S, 3S, and 4S.  State's exhibit 2S is a pen packet which contains, among other items, a 1987 Bexar County judgment of conviction under cause number 87-CR-1212 for aggravated robbery with a deadly weapon.  State's exhibit 3S is also a pen packet which contains a 1993 Bexar County judgment of conviction under cause number 1992-CR-2776 for aggravated assault-serious bodily injury.  State's exhibit 4S is a copy of a docket sheet from cause number 1992-CR-2776 with a notation at the bottom of the sheet indicating that a notice of appeal was filed.  State's exhibits 2S and 3S were admitted into evidence, but State's exhibit 4S was not.

Additionally, during punishment, the State called as a witness Gina Martinez for further proof of appellant's previous convictions.  Martinez testified she is a fingerprint examiner with the Bexar County Sheriff's Office and that she matched appellant's fingerprints to those in State's exhibits' 2S and 3S.  Also, because State's exhibit 3S was a judgment for the offense of aggravated assault-serious bodily injury and not the offense alleged in the indictment in the

present case, Martinez also referred to State's exhibit 4S (docket sheet) during her testimony. She testified the docket sheet linked the cause number in both State's exhibit 3S and in the indictment, 1992-CR-2776, to the offense of "AG ASLT-SER BOD INJ-NONFAM-GUN."

Appellant does not challenge the finality of the conviction in cause number 87-CR-1212; rather, appellant argues the State failed to establish the finality of the second alleged enhancement, in cause number 1992-CR-2776, because the notation in State's exhibit 4S indicates an appeal was filed. Thus, appellant claims the State did not meet its burden of proving the finality of that conviction. Alternatively, appellant asserts the State failed to prove a legally valid conviction exists for cause number 1992-CR-2776 because the indictment indicates appellant had previously been convicted for "AG ASLT-SER BOD INJ-NONFAM-GUN," while the documentation in State's exhibit 3S suggests appellant was instead convicted of aggravated assault-serious bodily injury.

The "habitual offenders" subsection of the Texas Penal Code provides that if the defendant

> has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PEN. CODE ANN. § 12.42(d) (West 2011). In order to establish a defendant's conviction "of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may use a number of different ways to prove these elements, including: a defendant's admission; testimony by a person present at the conviction of the offense; and documentary proof. *Id.* at 921–22. Additionally, "[i]t is settled that the burden is on the State to make a prima facie showing that any prior conviction alleged for enhancement, or

for punishing an accused as a repeat offender, became final before the commission of the primary offense, and once a showing is made, the burden shifts to the defendant to prove otherwise." *Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex. Crim. App. 1982).

Here, the State produced evidence that appellant was convicted of a prior felony in cause number 1992-CR-2776 through State's exhibit 3S. Testimony by both Gina Martinez and appellant, who testified in his own behalf in the guilt/innocence phase of the trial, linked him to that conviction. Importantly, on cross-examination by the State, appellant not only admitted to serving nine years for aggravated assault causing serious bodily injury in 1992, he also admitted he appealed the conviction, but the appeal was denied. Thus, we conclude the State met its burden of proving the conviction was final in cause number 1992-CR-2776 because appellant's own admission that the appeal was denied was enough for the trial court, as trier of fact, to reasonably infer the conviction for that offense was final. *See Laday v. State*, 685 S.W.2d 651, 652 (Tex. Crim. App. 1985) (en banc) (finding that appellant's testimonial admission during trial that he was the same person who was "finally convicted" of a prior offense is enough to prove a final conviction).

Appellant also argues the State failed to prove there was a legally valid conviction for an offense subsequent to appellant's conviction for aggravated robbery in 1987. Appellant contends a variance exists between the enhancement paragraph of the indictment and the proof presented at sentencing. Specifically, the indictment states that appellant had previously been convicted for "AG ASLT-SER BOD INJ-NONFAM-GUN" in cause number 1992-CR-2776, but the documentation in State's exhibit 3S (the pen packet from cause number 1992-CR-2776) indicated appellant was instead convicted of aggravated assault-serious bodily injury. However, "[i]t is well settled that it is not necessary to allege prior convictions for the purpose of

enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). The purpose of the enhancement allegation is only to provide a defendant with sufficient notice of the prior conviction. *Rhodes v. State*, 778 S.W.2d 187, 188–89 (Tex. App.—Beaumont 1989, no pet.). Instead, an appellate court must look to whether the variance between what was alleged in the indictment and the proof presented at trial caused prejudicial surprise to a defendant. *Freda*, 704 S.W.2d at 42.

Here, appellant does not contend he was surprised or even misled to his prejudice. As already mentioned, appellant admitted to the offense during the State's cross-examination. Similarly, the indictment correctly alleged: the date of the prior offense; the court returning the conviction; the county of the convicting court; and the offense alleged was a felony. Thus, appellant had proper notice of the alleged enhancement. Accordingly, we conclude there was legally sufficient evidence to support the trial court's finding that appellant was a habitual offender.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

DO NOT PUBLISH