W. L. OSBORN, APPELLANT, v. STANDARD SECURITY COMPANY, RESPONDENT.*

Springfield Court of Appeals. January 20, 1928.

Rehearing Denied April 7, 1928.

---

*Corpus Juris-Cyc References: Chattel Mortgages, 11CJ, section 261, p. 566, n. 86; section 268, p. 571, n. 52; section 341, p. 628, n. 7.

*Frank H. Lee* and *R. A. Pearson* for appellant.

*Owen & Davis* for respondent.

BRADLEY, J.—This is an action for damages for the alleged conversion of an automobile. The cause was tried to the court without a jury. The finding was for defendant and plaintiff appealed.

January 30, 1926, plaintiff purchased from the Southwest Overland-Knight Company of Joplin, Missouri, an Overland sedan automobile. The purchase price including the insurance, etc. was $1256.50. Plaintiff traded or turned in on the purchase price a used car and gave an installment note secured by a chattel mortgage on the car for the balance. The installment note was for $677, payable in monthly installments of $43. February 1, 1926, the Southwest Overland-Knight Company assigned plaintiff's note and mortgage to the Commercial Investment Trust Company of Chicago. The mortgage was filed in the office of the recorder of Jasper county February 6, 1926.

December 24, 1925, prior to plaintiff's purchase, the Southwest Overland-Knight Company gave to the defendant security company of Joplin a chattel mortgage on the car plaintiff purchased, and other cars, to secure a note to defendant in the sum of $2150.16 for borrowed money, and this note was due in ninety days. Defendant's mortgage was filed December 25, 1925. At the time of the execution of defendant's mortgage the car plaintiff purchased was a new car and was, with other cars, on the floor of the sales room of the Southwest Overland-Knight Company in Joplin.

Plaintiff made his payments on the installment note as they came due until he had made four payments, but made these payments to the Southwest Overland-Knight Company, not knowing that his note and mortgage had been assigned as we understand the record. Some time in June, 1925 the Southwest Overland-Knight Company collapsed, its president fled the county, and Mr. Perigo, a representative of the Commercial Investment Trust Company, the assignee of plaintiff's note, induced plaintiff to turn the car over to him. According to plaintiff Perigo obtained possession of the car under the pretext that he would make the defendant company relinquish its claim and then return the car to plaintiff. After obtaining possession of the car Perigo placed it in a garage in Joplin. A few days thereafter the defendant brought replevin against the Commercial Investment Trust Company and the owner of the garage in which the car was placed to recover the car. No defense was made to the

replevin suit and defendant here, plaintiff in the replevin suit, obtained the car and sold it under its mortgage.

There is no evidence in the record to justify the conclusion that the Commercial Investment Trust Company took possession of the car for any breach of condition of its mortgage, or for any purpose other than as plaintiff testified. Hence, the only questions for determination is the validity of defendant's mortgage as to plaintiff and the question of estoppel. Defendant's mortgage was prior to the investment company's mortgage, and the debt secured by it was in default. Therefore, it had a right to foreclose if its mortgage was valid as to plaintiff and if not estopped.

If it appears in the face of a chattel mortgage that the mortgagor is to retain possession and have power to sell and dispose of the mortgaged property in the course of his business for his own benefit, then the mortgage is fraudulent and void as to creditors and purchasers, because made to the use of the mortgagor, and will be so declared as a matter of law without regard to the intention of the parties. Sec. 2275, R. S. 1919; Bullene v. Barrett, 87 Mo. 185; Hubbell v. Allen, 90 Mo. 574, 3 S. W. 22; Bank v. Powers, 134 Mo. App. 432, 34 S. W. 869, 35 S. W. 1132; Forgan v. Bridges, 281 S. W. (Mo. App.) 134. The right given the mortgagor by the mortgage to remain in possession with power to sell the mortgaged property in the ordinary course of business will not alone render the mortgage void, there must in addition be the right to convert the proceeds of the mortgaged property to the mortgagor's own use. If the power to convert the proceeds of sale to the mortgagor's own use appears upon the face of the mortgage then it is void by its terms. But if this power to convert the proceeds does not appear upon the face of the mortgage, but is in fact given by the mortgagee by agreement with the mortgagor, outside the mortgage, the same consequence follows. Bank v. Powers, supra; Barton v. Sittlington, 128 Mo. 164, 30 S. W. 514.

Defendant's mortgage permitted the mortgagor to remain in possession of the car plaintiff purchased and the other cars included in the mortgage, but it did not authorize the mortgagor to sell the cars and use the proceeds, nor was there any side agreement to such effect. Plaintiff called as a witness J. H. Riley manager of defendant company. Riley testified that the mortgagor did not sell the mortgaged cars and then account to defendant, but that the mortgagor, when it had a sale for one of the cars upon which defendant held a mortgage, "would report to us they were going to sell a car and come and give us a check for that part of the mortgage that covered the car. . . . The company notified us they were about to sell a car, and gave us a check for that particular car, and we gave them a receipt releasing this mortgage from that particular car; gave

them permission to sell it. That was done in each case except the car in controversy. They didn't notify us of the intended sale of that car, nor send any check in payment. We gave them no permission to sell any of those cars except as stated."

It is not necessary to consider further the question as to the validity of defendants mortgage. Plaintiff made no showing that would support a finding that the mortgage as to him was void. Bank v. Powers, and other cases cited, supra.

It is contended that defendant is estopped to assert its mortgage as against plaintiff. There is no evidence that defendant authorized the Southwest Overland-Knight Company, the mortgagor, to sell the car plaintiff purchased and so far as appears defendant had no knowledge of such sale until a few days prior to the filing of its replevin suit. In support of the theory of estoppel plaintiff cites Van Sant v. Austin-Hamill-Hoover Live Stock Company, 295 S. W. (Mo. App.) 506, and others. But in all the cases cited from this state it appears that the mortgagee had given his consent for the sale in question.

The judgment should be affirmed and it is so ordered. *Cox*, P. J., and *Bailey*, J., concur.