**Opinion issued February 3, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-14-00206-CR

———————————

**ALAN OMAR RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1378403**

---

## MEMORANDUM OPINION

A jury convicted Alan Omar Rodriguez of the felony offense of aggravated

sexual assault of a child[1] and assessed his punishment at eighty years' confinement

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014).

and a $10,000 fine.  In his sole point of error, appellant contends that the trial court improperly limited his cross-examination of one of the State's witnesses.  We affirm.

## Background

The complainant testified that in the summer of 2011, when she was ten years old, appellant, her biological father, dragged her into her mother's bathroom and locked the door.  When appellant told her to pull down her pants, the complainant thought he was going to hit her because he "always has anger issues."  When the complainant did not pull her pants down, appellant pulled them down and pulled his own pants down, took out his penis, and inserted it into the complainant's vagina.  Although she was facing away from him, the complainant knew it happened because it felt "[h]ard and really pressured" and it "hurt a lot."  The complainant testified that appellant threatened to kill her mother if the complainant told her about the assault, and that she became scared "because he always hit me for no reason."  The complainant testified that this happened "four or three times" and always in her mother's bathroom.  According to the complainant, nothing came out of appellant's penis the first time it happened but a bit of blood came out of her vagina as well as some clear liquid.

Later that summer, the complainant noticed six white pimples inside her vagina and experienced vaginal pain when trying to urinate.  After her mother tried

unsuccessfully to treat the rash with an over-the-counter cream, she took the complainant to the doctor. Dr. Yaa Amoah Honny examined the complainant's vagina and ordered a blood test. When the complainant and her mother returned for a follow-up visit several days later, Dr. Honny informed them that the complainant had herpes. When Dr. Honny asked the complainant, in her mother's presence, who had done that to her, the complainant told her that it was her father.

When the complainant's mother called appellant and asked him if he had touched the complainant, appellant angrily denied it. Once home, the complainant's mother told the complainant and her older sister that if she did not come out of the house within five minutes, they should call the police. The mother testified that when she confronted appellant, he grabbed her by the neck and threatened to kill his daughters. The complainant's older sister called police and they arrested appellant.

On direct examination, Dr. Honny testified that the complainant's blood test performed by Quest Diagnostics showed that the complainant was infected with herpes type 2. She also testified that appellant had a court-ordered blood test performed by LabCorp dated February 23, 2012, and, upon appellant's motion, a second blood test performed by LabCorp on March 11, 2013, both of which revealed that appellant had herpes type 1 and type 2.

On cross-examination, trial counsel asked Dr. Honny if she was "aware that the accuracy of [LabCorp's] IgG test to detect HSV-2 antibodies is low compared to the IgG test in Quest?" The following exchange then occurred:

[Prosecutor]: Judge, the State is not aware that the Defense is bringing in any of these experts to actually testify, and so the State would object to them essentially inserting the testimony regarding the scientific data in the form of a question. So the objection would be the attorney testifying.

[Trial counsel]: Well, I'm just asking questions about the tests that[] she [is] supposed to be an expert on this.

[The Court]: Well, she stated she's not a serologist. And if you want to attack the validity of the tests, you would have to do that here before the trial. The certificate—the testing has been on file. So I think we need to move on to another topic now.

Following this exchange, the defense rested. Trial counsel then moved for an instructed verdict and the trial court denied the motion. The jury found appellant guilty as charged. Appellant timely filed this appeal.

## Discussion

In his sole point of error, appellant contends that the trial court erred in limiting his cross-examination of Dr. Honny regarding the validity of LabCorp's testing for herpes antibodies and, in doing so, deprived him of the opportunity to present a defense. The State asserts that appellant failed to preserve the issue for review.

4

We review a trial court's decision to limit cross-examination under an abuse of discretion standard. *Mims v. State*, 434 S.W.3d 265, 271 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993) (en banc)). When a trial court denies a defendant the opportunity "to elicit specific responses from [a] State's witness," error is preserved by (1) calling the witness to the stand outside the presence of the jury and asking specific questions or (2) making an offer of proof that demonstrates what questions would have been asked and the expected answers to those questions. *See Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim. App. 1984) (en banc); *Mims*, 434 S.W.3d at 271.

Appellant complains that the trial court erred by limiting his cross-examination of Dr. Honny as demonstrated by the above exchange.[2] Appellant neither objected nor obtained an adverse ruling when the trial court stated "I think we need to move on to another topic now." *See* TEX. R. APP. P. 33.1(a) (requiring complaint be made with sufficient specificity to make trial court aware of complaint and that trial court ruled, or refused to rule, on objection). Further, the

---

[2] Although appellant frames his complaint as one challenging the trial court's limiting of his cross-examination of Dr. Honny in an effort to discredit her, the above exchange makes clear that it was not Dr. Honny whom he sought to discredit but rather the reliability of the LabCorp blood tests ("Well, I'm just asking questions about *the tests* that[] she [is] supposed to be an expert on this.") (emphasis added).

record reflects that when the trial court made the above statement, counsel passed the witness and never made an offer of proof demonstrating what questions he would have asked and the anticipated answers to those questions. *See Mims*, 434 S.W.3d at 271. Having concluded that appellant failed to preserve this issue for our review, we overrule his point of error.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).