**Opinion issued March 10, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-15-00015-CR**

———————————

**JERREL ANTHONY MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1443272**

---

**MEMORANDUM OPINION**

Appellant, Jerrel Anthony Martin, pleaded guilty to the third-degree felony

offose of evading arrest with a vehicle.[1]  The trial court found appellant guilty

---

[1]     *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2014); *see also,*
        *e.g.*, *Mims v. State*, 434 S.W.3d 265, 270 (Tex. App.—Houston [1st Dist.] 2014,
        no pet.); *Scott v. State*, No. 10-13-00159-CR, 2014 WL 1271756, at *2–3 (Tex.

and, in accordance with the terms of appellant's plea bargain agreement with the State, sentenced appellant to eight years' confinement. Appellant filed a *pro se* notice of appeal, in which he contends that he was improperly sentenced because evading arrest with a vehicle is a state jail felony offense. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). Otherwise, a defendant who received the benefits of a plea bargain may not, on direct appeal, raise any other matter; therefore, such a defendant may not, on direct appeal, raise jurisdictional issues, appeal the voluntariness of the plea, or challenge the sentence imposed by the trial court as illegal and void. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Griffin v. State*, 145 S.W.3d 645, 645–49 (Tex. Crim. App. 2004); *Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001); *Gipson v. State*, No. 14-01-01245-CR, 2002 WL 31426244, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 17, 2002, no pet.) (mem. op., not designated for publication). Further, the trial court must "enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order," and an appeal must be dismissed if a certification

App.—Waco Mar. 27, 2014, no pet.) (mem. op., not designated for publication); *Adetomiwa v. State*, 421 S.W.3d 922, 924–27 (Tex. App.—Fort Worth 2014, no pet.); *cf. Ex parte Jones*, 440 S.W.3d 628, 629–30 (Tex. Crim. App. 2014).

showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(a)(2), (d).

Here, the trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).