

# NUMBER 13-14-00610-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAMION NAVARRO, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Damion Navarro was indicted for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (West, Westlaw through 2015 R.S.). A jury found Navarro guilty and returned an affirmative deadly-weapon finding. The trial court sentenced Navarro to fifty years' imprisonment. By three issues, Navarro contends: (1) the trial

court erred when it denied him the right to impeach the complainant through a prior inconsistent statement; (2) the trial court erred in preventing him from "fully cross-examining" the complainant "regarding credibility involving truthfulness related to a prior inconsistent statement"; and (3) trial counsel provided ineffective assistance. We affirm.

## I. PRESERVATION[1]

### A. Right to Impeach Not Preserved

By his first issue, Navarro contends that the trial court erred when it denied defense counsel the right to impeach the complainant. During cross-examination about a ski mask that Navarro wore during the burglary, the complainant explained that he did not take the ski mask off Navarro. Instead, as the complainant testified, during a struggle for the gun that Navarro had, the ski mask was pulled off Navarro's face but remained on Navarro's head. When Navarro's counsel asked, "So in the police report, the officer has stated in here that—", the State objected to the statement as improper impeachment and hearsay. The trial court sustained the objection. Navarro then asked, "Would you be surprised if the officer stated in his report that you told him—". The State objected based on hearsay, and the trial court sustained the objection. Navarro passed the witness without making an offer of proof or asking the witness any questions outside the presence of the jury.

---

[1] All issues of law presented by this case are well settled, and the parties are familiar with the facts. Therefore, we will not recite the law or the facts in this memorandum opinion, except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

"In order to preserve error regarding the exclusion of evidence, an offer of proof is required." *Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996).

> When the trial court denies the defendant the opportunity to elicit specific response from a State's witness error is preserved by (1) calling the witness to the stand outside the presence of the jury and asking specific questions or (2) making an offer of proof that demonstrates what questions would have been asked and the expected answer to those questions.

*Mims v. State*, 434 S.W.3d 265, 271 (Tex. App.—Houston [1st Dist.] 2014, no pet.). "It is the burden of the party seeking to admit challenged testimony to inform the trial court of the theory of admittance." *Guerra v. State*, 942 S.W.2d 28, 32 (Tex. App.—Corpus Christi 1996, no pet.).

Because Navarro neither called the complainant to the stand outside the presence of the jury and asked specific questions of him nor made an offer of proof, there is no indication from the record what evidence the trial court excluded or what theory of admittance the evidence would have supported. *See Williams*, 937 S.W.2d at 489, *Mims*, 434 S.W.3d at 271; *Guerra*, 942 S.W.2d at 32. Navarro failed to preserve his first issue for our review. We overrule this issue.

## B. Right to Cross-Examine Not Preserved

By his second issue, Navarro complains that the trial court erred when it excluded the complainant's prior statement, which Navarro alleges was inconsistent with his testimony at trial. Navarro claims that this prevented him from fully cross-examining the complainant regarding his credibility for truthfulness. However, "[a]lthough our legal system highly regards the right to cross-examine witnesses, a party must preserve error for appellate review." *Lopez v. State*, 200 S.W.3d 246, 256 (Tex. App.—Houston [14th

Dist.] 2006, pet. ref'd).   And where cross-examination is limited by the trial court, nothing is presented for review without asking questions of the complainant outside the jury's presence or without detailing what questions would have been asked and what answers expected.   *Love v. State*, 861 S.W.2d 899, 902–03 (Tex. Crim. App. 1993) (en banc); *Mims*, 434 S.W.3d at 271; *Lopez*, 200 S.W.3d at 256; *see Duke v. State*, 365 S.W.3d 722, 726 (Tex. App.—Texarkana 2012, pet. ref'd).

Here, Navarro did not call the complainant to testify outside the presence of the jury and did not make an offer of proof to establish the substance of the testimony Navarro would have elicited from the complainant if the trial court had not sustained the State's objections.   *See Love*, 861 S.W.2d at 902–03; *Mims*, 434 S.W.3d at 271; *Lopez*, 200 S.W.3d at 256.   Therefore, Navarro did not preserve his second issue for our review. And we overrule Navarro's second issue.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Navarro contends that he was denied effective assistance of counsel:   (1) when trial counsel failed to assert Navarro's right of confrontation when the State objected to any prior-inconsistent-statement testimony and when counsel failed to make an offer of proof after the trial court sustained the State's objection; and (2), alternatively, when trial counsel failed to assert Navarro's right to impeach the complainant through his allegedly inconsistent statement.

### A.   Applicable Law

*Strickland v. Washington* sets forth the standard with which we review claims of ineffective assistance of counsel.   466 U.S. 668, 688 (1984); *see Stafford v. State*, 813

4

S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc); *Cueva v. State*, 339 S.W.3d 839, 848 (Tex. App.—Corpus Christi 2011, pet. ref'd). In order to decide whether Navarro's trial counsel rendered ineffective assistance, we must first determine whether Navarro has shown that counsel's representation, viewed at the time of counsel's conduct, fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688, 690; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). If counsel's performance was deficient, we must then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *See Strickland*, 466 U.S. at 691–94. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

## B. Discussion

Here, Navarro alleges that his trial counsel was ineffective when he failed to assert Navarro's right to confront the complainant and elicit impeachment testimony, when he failed to assert Navarro's right to cross-examine the complainant regarding his alleged prior inconsistent statement, and when he failed to make an offer of proof on these matters. Navarro's trial counsel sought to impeach the complainant by showing that he reported something different to the police regarding the removal of the ski mask. The trial court sustained the State's objection to that line of questioning, cutting off Navarro's attempt to impeach the complainant. Trial counsel failed to preserve any error in the trial court's ruling by making an offer of proof regarding what the complainant would have testified. Navarro now argues trial counsel was deficient for failing to do so. But even

5

if we assume this constituted deficient performance, Navarro presents no argument to satisfy his burden of showing a reasonable probability that the result of the proceeding would have been different but for the allegedly deficient conduct. *See Strickland*, 466 U.S. at 688–92. Because Navarro has not met his burden under the second prong of *Strickland*, he has not established ineffective assistance of counsel. *See id.* We overrule Navarro's third issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2015.