Robert Justin MOORHEAD, Appellant

v.

The STATE of Texas, Appellee

No. 06–15–00083–CR

Court of Appeals of Texas,
Texarkana.

Submitted: December 23, 2015

Decided: January 21, 2016

Jonathan Wharton, Snow E. Bush, Jr., PC, Longview, TX, for appellant.

Zan Colson Brown, Assistant District Attorney, Longview, TX, for appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Chief Justice Morriss

As Robert Justin Moorhead drove his pick-up truck in pursuit of his ex-girlfriend in her vehicle, he hit her vehicle at least twice. There were children in the ex-girlfriend's car, one of which was Moorhead's. Then, as law enforcement got involved and Moorhead changed from pursuer to pursued, Moorhead led law enforcement on a forty-four-mile chase at very high speeds of up to 100 miles per hour. Moorhead rammed a trooper's vehicle and stopped only when his vehicle was run off the road. Finally, Moorhead fled on foot before finally surrendering.

As a result, Moorhead was convicted of aggravated assault with a deadly weapon[1] and using a motor vehicle to flee arrest or detention.[2] The trial court found one enhancement allegation true[3] and sentenced Moorhead to fifteen years' confinement on each conviction. Moorhead appeals only his conviction for evading arrest, asserting that his sentence is improper because this offense was only a state jail felony and that the State gave him inadequate notice of its intent to seek enhancement. Be-

cause (1) Moorhead's charge of evading arrest is a third degree felony and (2) Moorhead received sufficient notice of the intended deadly-weapon finding, we affirm the trial court's judgment and sentence.

*(1) Moorhead's Charge of Evading Arrest Is a Third Degree Felony*

Moorhead complains that his sentence of fifteen years' imprisonment is improper.[4] In support of that complaint, he argues that the offense of evading arrest with a vehicle is a state jail felony and that the State alleged only one prior conviction for enhancement purposes. But, because the offense is properly punished as a second degree felony, we overrule this issue.

Evading arrest is the subject of Section 38.04 of the Texas Penal Code, a section that was amended multiple times[5] in 2011, with some inconsistency, providing opportunity for confusion. One portion of the section now classifies the offense as a state jail felony where the actor uses a motor vehicle or watercraft in fleeing law enforcement and has previously been convicted of the offense. *See* Tex. Penal Code Ann. § 38.04(b)(1)(B). Another part of the statute makes evading arrest a third degree felony where the actor uses a vehicle, regardless of his or her having been previously convicted of the offense. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A).[6]

---

1. *See* Tex. Penal Code Ann. § 22.02 (West 2011).

2. *See* Tex. Penal Code Ann. § 38.04 (West Supp.2015).

3. *See* Tex. Penal Code Ann. § 12.42 (West Supp.2015).

4. Initially, the State posits that Moorhead failed to preserve this complaint with an objection to the trial court. However, "a party is not required to make a contemporaneous

objection to the imposition of an illegal sentence." *Mizell v. State*, 119 S.W.3d 804, 806 n. 6 (Tex.Crim.App.2003).

5. In addition to the final amendment, there were also amendments in Act of May 23, 2011, 82d Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046 and Act of May 24, 2011, 82d Leg., R.S., ch. 839, § 4, 2011 Tex. Gen. Laws 2110, 2111.

6. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322.

This apparent variance was ably analyzed and explained by our sister court in *Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex.App.—Fort Worth 2014, no pet.), which found the offense to be a third degree felony where the defendant uses a vehicle in the flight, irrespective of prior convictions. *Adetomiwa* explained that the 2011 amendments could be reconciled because each amendment acted specifically: two added new terms to the statute, and the final amendment "made more extensive amendments, altering the punishment scheme" to make the offense a third degree felony if the offense is committed with a motor vehicle, without requiring the actor to have been previously convicted of the same offense. *Id.* at 926. The Fort Worth court also pointed out that the amendment making the offense a third degree felony in a situation such as Moorhead's was the final amendment of the legislative session. *See id.* at 927 (citing TEX. GOV'T CODE ANN. § 311.025(b), (d) (West 2013)). This Court cited with approval and applied *Adetomiwa*'s reasoning and holding in *Darby v. State*, 06–15–00042–CR, 2015 WL 6559205, at *8–10 (Tex.App.—Texarkana Oct. 30, 2015, no pet.) (mem. op., not designated for publication).[7] The offense of evading arrest or detention, where the accused uses a motor vehicle in his or her flight, is a third degree felony.[8]

■ As part of his argument, Moorhead complains that his punishment range was inappropriately elevated to that of a second degree felony. Since, according to Moorhead's reading of Section 38.04, the offense is only a state jail felony, such crime's punishment range cannot be enhanced to a range including a sentence of fifteen years. *See generally* TEX. PENAL CODE ANN. § 12.425 (West Supp.2015). As discussed *supra*, evading arrest with a motor vehicle is a third degree felony. When the State proved a prior third degree felony conviction, Moorhead was susceptible to a second degree felony range of punishment, not less than two and not more than twenty years. *See* TEX. PENAL CODE ANN. § 12.42. The sentence of fifteen years for evading arrest or detention with a motor vehicle was within the allowed, enhanced range of punishment.

### (2) Moorhead Received Sufficient Notice of the Intended Deadly–Weapon Finding

■ Incidental to his complaint,[9] Moorhead complains he was not advised the State would seek a deadly-weapon finding on the count for evading arrest with the motor vehicle. However, in the stipulation of evidence entered by Moorhead, one of the facts to which he stipulated was that he "did then and there use or exhibit a deadly weapon, to-wit: an automobile, in the course of the commission of" evading arrest with a motor vehicle. Further, while the indictment specifically alleged use of a motor vehicle as a deadly weapon only in Count I, alleging aggravated assault, the State also filed a notice of intent to seek a deadly-weapon finding. It is

---

7. While we do not cite *Darby* as precedential, we note its application of *Adetomiwa*'s analysis and the fact that we have previously adopted our sister court's reasoning and holding.

8. *See also Mims v. State*, 434 S.W.3d 265, 270 (Tex.App.—Houston [1st Dist.] 2014, no pet.) (summarizing 2011 amendments to Section 38.04, which rendered offense third degree felony where motor vehicle used, regardless of prior convictions).

9. In a single point of error, Moorhead has presented a multifarious argument alleging at least two complaints about his sentence. In the interest of justice, since we are able to discern his particular arguments, we are addressing each of Moorhead's issues.

true this notice did not specify to which count it related and just repeated its claim that the State would prove an automobile was used or exhibited as a deadly weapon "in the course of the alleged offense." However, we also observe that, when the trial court admonished Moorhead of the effects of pleading guilty to the two counts without a plea agreement, the court specifically explained to Moorhead that there was an allegation of use or exhibition of a deadly weapon for each count.

 Based on the facts here, we find Moorhead was sufficiently on notice the State would seek a deadly-weapon finding on the allegation of evading arrest with a vehicle. While the second notice, filed subsequent to the indictment, did not specify to which count it pertained, the indictment specifically stated a deadly-weapon allegation as to Count I, aggravated assault. Also, both counts arose from the same event. In *Grettenberg v. State,* 790 S.W.2d 613 (Tex.Crim.App.1990), the defendant was indicted on two counts, both stemming from the same criminal episode. The second count, for aggravated assault, alleged the use of a deadly weapon; that count was abandoned, and the defendant was convicted of burglary of a habitation with intent to commit aggravated assault. The Texas Court of Criminal Appeals held that the original indictment, with its notice as to the subsequently abandoned count, was sufficient to notify Grettenberg that the State would seek a deadly-weapon finding. "When the theories of prosecution contained in the counts are so interrelated as under the facts of this case, the election by the State to pursue one of the counts in preference to the other will not vitiate the notice given in the indictment in its original form." *Id.* at 614–15. "[T]here is no statute which requires written notification that an affirmative finding [on deadly weapon use or exhibition] will be sought by the State." *Ex parte Minott,* 972 S.W.2d 760, 762 (Tex.Crim.App.1998).[10] As long as the accused has "sufficient notice that the weapon alleged is a deadly weapon and that her use of a deadly weapon w[ill] be an issue in the State's ... prosecution," the defendant has received adequate notice. *Ex parte Beck,* 769 S.W.2d 525, 526–27 (Tex.Crim.App.1989).

We affirm the trial court's judgment.

---

10. *Minott* went on to hold that a defendant waives a complaint about lack of notice where he or she enters a plea agreement. Moorhead entered open pleas to the two counts, and the trial court admonished specifically that the State was seeking deadly-weapon findings on both counts and the consequences, on both counts, of such a finding.