

# NUMBER 13-16-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KENNETH WADE HILL, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the 2nd 25th District Court of Gonzales County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant Kenneth Wade Hill was indicted for delivery of a controlled substance, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. art. 481.112 (West, Westlaw through 2017 1st C.S.). A jury found Hill guilty of the charged offense, and the trial court assessed punishment at thirty years in prison. By one issue, Hill contends that the trial court "committed reversible error when it denied the defense [its] full right of 6th

Amendment confrontation."   We affirm.

## I.      Right to Cross-Examine Not Preserved[1]

By his appellate issue, Hill generally complains that the trial court denied him his right to confront a witness.   Hill asserts that the trial court erred in sustaining the State's objections to two questions Hill asked of an informant during cross-examination:

Q.      Okay.   Now, you indicated you worked on several cases.   Were all of these drug buy cases?

A.      Pretty much.   One didn't have to be because I just gave him some information and he was able just to go in on that information.

Q.      Okay.   Excuse me.   Now, after these—these drug buy cases, did you always turn all the drugs over to Officer Hinds?

A.      Oh, no.

Q.      What were you doing with these extras or what you didn't turn over to him?

A.      Those drugs were feeding my addiction, and my—like, I was taking most of the drugs, and then I would take them home and share them with—we party on the drugs.

Q.      Okay.   And these were the same drugs that Officer Hinds was having you purchase, or a portion of them?

A.      Uh-uh.

Q.      Okay.   And was Officer Hinds aware that you were keeping some back for yourself?

[THE STATE]:      Object, calls for speculation.

THE COURT:      I'm sorry?

---

[1] All issues of law presented by this case are well settled, and the parties are familiar with the facts.   Therefore, we will not recite the law or the facts in this memorandum opinion, except as necessary to advise the parties of the Court's decision and the basic reasons for it.   See TEX. R. APP. P. 47.4.

|                |                                                              |
|----------------|--------------------------------------------------------------|
| [THE STATE]:   | Speculation, Your Honor.                                     |
| THE COURT:     | Sustained.                                                   |

Q.   . . . So do you feel that Officer Hinds was helping feed your addiction?

A.   Yes.   Yes.

Q.   As opposed to trying to help you with your addiction?

A.   I feel, as an officer, I'm sure he's trained to know a lot of things.   I'm sure.   Yeah.   Yes.

Q.   Okay.   Did—did Officer Hinds keep putting pressure on you to get [Hill], said something—

A.   Evidently, because, like I said, at the beginning, I told him absolutely no way, not [Hill], but the drugs had me so, like—it was a lot of drugs. I don't even remember exactly.   I just know I ended up going against [Hill], which I regret, and that's really been a toll on me, because I feel a lot of regret and shame because he's been nothing but truthful to me and—

Q.   And do you think [Hill]—when you called [Hill], he was just there to help you out?

|                |                                                              |
|----------------|--------------------------------------------------------------|
| THE STATE:     | Objection, Calls for speculation.                           |
| THE COURT:     | Sustained.                                                   |
| [THE DEFENSE]: | Pass the witness, Your Honor.                               |

Hill claims that the two questions were important because they "bore on the witness's credibility, the strength of the [S]tate's case, and [the] development of a defensive theory to present a closing argument."   And he again complains that the court's ruling violated his right to confrontation under the Sixth Amendment.   *See* U.S. Const. amend. VI.

However, "[a]lthough our legal system highly regards the right to cross-examine witnesses, a party must preserve error for appellate review."   *Lopez v. State*, 200 S.W.3d

3

246, 256 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

> When the trial court denies the defendant the opportunity to elicit specific responses from [a] State's witness, error is preserved by (1) calling the witness to the stand outside the presence of the jury and asking specific questions or (2) making an offer of proof that demonstrates what questions would have been asked and the expected answer to those questions.

*Mims v. State*, 434 S.W.3d 265, 271 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (internal quotations omitted); *see Love v. State*, 861 S.W.2d 899, 902–03 (Tex. Crim. App. 1993) (en banc) (similar); *Lopez*, 200 S.W.3d at 256. "It is the burden of the party seeking to admit challenged testimony to inform the trial court of the theory of admittance." *Guerra v. State*, 942 S.W.2d 28, 32 (Tex. App.—Corpus Christi 1996, no pet.).

Because Hill neither called the witness to the stand outside the presence of the jury to ask her specific questions nor made an offer of proof to establish the substance of the testimony Hill would have elicited, there is no indication from the record what evidence the trial court excluded or what theory of admittance would have been supported by the evidence. *See Love*, 861 S.W.2d at 902–03; *Mims*, 434 S.W.3d at 271; *Lopez*, 200 S.W.3d at 256. Hill did not meet his burden at trial, *see Guerra*, 942 S.W.2d at 32, and failed to preserve his appellate issue for our review. We overrule this issue.

## II.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.

4