ACCEPTED
13-14-00563-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/2/2015 4:58:41 PM
CECILE FOY GSANGER
CLERK

13-14-00563-CR

IN THE COURT OF APPEALS

FOR THE THIRTEENTH JUDICIAL DISTRICT

CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/2/2015 4:58:41 PM
CECILE FOY GSANGER
Clerk

_____

ENRIQUE SANCHEZ SALAZAR,
Appellant

vs.

THE STATE OF TEXAS,
Appellee

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/2/2015 4:58:41 PM
CECILE FOY GSANGER
Clerk

_____

ON APPEAL FROM THE 156TH JUDICIAL DISTRICT COURT

OF LIVE OAK COUNTY, TEXAS

CAUSE NUMBER: L-14-0025-CR-B
_____

BRIEF FOR THE APPELLEE
THE STATE OF TEXAS

_____

EDWARD F. SHAUGHNESSY, III
ATTORNEY-AT-LAW
206 E. LOCUST
SAN ANTONIO, TEXAS 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

ORAL ARGUMENT REQUESTED      ATTORNEY FOR THE APPELLEE

# TABLE OF CONTENTS

PAGE (S)

Table of Contents ............................................................................ i

Table of Interested Parties.............................................................. ii

Table of Authorities....................................................................... iii

Brief for the Appellee ....................................................................5

Summary of the Argument ............................................................ 6

Response to Appellant's First and Second Points of Error ...................................7

Response to Appellant's Third Point of Error.........................................12

Response to Appellant's Fourth Point of Error.......................................13

Response to Appellant's Fifth Point of Error.........................................18

Conclusion and Prayer ................................................................ 20

Certificate of Service .................................................................21

Certificate of Compliance.............................................................21

## TABLE OF INTERESTED PARTIES

Mr. James Sales
Mr. Jon West                                    State's Trial Counsel
Assistant District Attorneys
Live Oak County
156th Judicial District
111 S. St. Mary's No. 203
Beeville, Texas 78102

Ms. Michelle Ochoa
Ms. Rachel Cook                                 Trial Counsel
Texas Rio Grande Legal Aid
331A N. Washington
Beeville, Texas 78102

Honorable Starr Bauer                           Trial Court Judge
Judge Presiding
156th Judicial District Court
Live Oak County, Texas

Edward F. Shaughnessy, III                      Appellee's Counsel
Attorney at Law
206 E. Locust Street
San Antonio, Texas 78212
(210) 212-6700
Bar No: 18134500

Abner Burnett                                   Appellant's Counsel
Attorney at Law
331A North Washington
Beeville, Texas 78102

TABLE OF AUTHORITIES

PAGE (S)

STATE CASE (S)

*Adetomiwa v. State, 421 S.W.3d 922 (Tex. App.-Fort Worth, 2014)*...................18

*Brooks v. State, 990 S.W.2d 278 (Tex. Crim. App. 1999)*......................................13

*Broxton v. State, 909 S.W.2d 912 (Tex. Crim. App. 1995)*....................................13

*Castro v. State, 914 S.W.2d 159 (Tex. App.-San Antonio, 1995, pet. ref'd.)*..........13

*Cavazos v. State, 382 S.W.3d 377 (Tex. Crim. App. 2012)*....................................10

*Freda v. State, 704 S.W.2d 41 (Tex. Crim. App. 1986)*........................................17

*Goad v. State, 354 S.W.3d 443 (Tex. Crim. App. 2001)*........................................11

*Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007)*.........................................11

*Hampton v. State, 109 S.W.3d 437 (Tex. Crim. App. 2003)*..................................11

*Hobbs v. State, 175 S.W.3d 777 (Tex. Crim. App. 2005)*......................................11

*Human v. State, 749 S.W.2d 832 (Tex. Crim. App. 1988)*.....................................17

*Jordan v. State, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008)*..............................16

*McKithian v. State, 324 S.W.3d 582 (Tex. Crim. App. 2010*.................................11

*Mims v. State, 434 S.W.3d 265 (Tex. App.-Houston [1st], 2014)*...........................18

*Pena v. State, 285 S.W.3d 459 (Tex. Crim. App. 2009)*........................................13

*Peterson v. State, (No. 07-13-00155-CR, Tex. App.-Amarillo, February 10, 2014, 2014 WL 546948)*..........................................................................................18

*Powell v. State, 206 S.W.3d 142 (Tex. App.-Waco, 2006, pet. ref'd)*....................11

*Rhodes v. State, 778 S.W.2d 187 (Tex. App.-Beaumont 1989)*.............................16

*Rice v. State, 333 S.W.3d 140 (Tex. Crim. App. 2011)*.........................................11

*Rooks v. State*, 576 S.W.2d 615 (Tex. Crim. App. 1978)......................................17

*Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993)................................10

*Scott v. State*, (No. 10-13-00159-CR, Tex. App.-Waco, March 27, 2014, 2014 WL 1271756).............................................................................................................18

*Skinner v. State*, 956 S.W.2d 532 (Tex. Crim. App. 1997)...................................11

*Sneed v. State*, 351 S.W.3d 63 (Tex. Crim. App. 2011)........................................11

*Sneed v. State*, (No. 09-14-00232-CR, Tex. App.-Beaumont, September 24, 2014, 2014 WL 4755502).............................................................................................18

*Wise v. State*, (No. 11-13-0005-CR, Tex. App.-Eastland, September 24, 2014, 2014 WL 2810097)................................................................................................18

*Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000)..............................16

## STATUTE (S) AND CODE (S)

*Rule 503(b)(2), Tex. Rule Evid*...............................................................................12

*Tex. Penal Code Ann. 12.31, et seq. (West 2015)*.................................................16

*Tex. Penal Code Ann. § 12.42(d) (West 2013)*.....................................................15

*Tex. Penal Code Ann. § 22.02(a)(2)*......................................................................15

NO. 13-14-00563-CR

| | | |
|---|---|---|
| ENRIQUE SANCHEZ SALAZAR, Appellant | § | IN THE COURT OF |
| | § | APPEALS, THIRTEENTH |
| v. | § | JUDICIAL DISTRICT |
| THE STATE OF TEXAS, Appellee | § | CORPUS CHRISTI, TEXAS |

BRIEF FOR THE APPELLEE
THE STATE OF TEXAS

To the Honorable Thirteenth Court of Appeals:

Now comes, the State of Texas, by and through Edward F. Shaughnessy, III, and Attorney-at-Law, designated attorney for the District Attorney for 156th Judicial District and files this brief in cause number 13-14-00563-CR. The appellant was indicted by a Live Oak County grand jury for the offense of Evading Arrest by Vehicle (Habitual) in cause number L-14-0025-CR-B. (C.R.1-6) Following a jury trial, the appellant was found guilty of the offense as charged in the indictment. (C.R.1-117) The Court found the two enhancement allegations to be true and assessed punishment at thirty-eight (38) years of confinement in the Texas Department of Criminal Justice-Institutional Division. (C.R.1-130) Notice of appeal was filed and this appeal, alleging five points of error, has followed. (C.R.1-129)

## SUMMARY OF THE ARGUMENT
## ON BEHALF OF THE APPELLEE

The appellant's assertion that he was entitled to a charge to the jury on the lesser-included offense is without merit because the facts as brought forth at trial due not support the submission of such a charge. Consequently the appellant's initial two allegations of jury charge error are without merit.

The appellant's assertion, that the trial Court erred in allowing for the admission of testimony from the appellant's prior attorney in violation of Tex. R. Evid. 503 (b) (2), is not preserved for purposes of review by this Court. Consequently, the appellant's third point of error does not present reversible error on the part of the trial Court.

The appellant's assertion that the offense which formed the basis for his conviction (Evading Arrest by Vehicle) is properly a State Jail Felony and not a Third Degree Felony is not supported by precedent and as a consequence present nothing that warrants any type of relief from this Court.

The appellant's assertion that the failed to prove a valid felony for purposes pf sentencing the appellant as a habitual offender is not supported by the evidence presented by the State at the punishment phase and should be overruled.

RESPONSE TO APPELLANT'S
FIRST AND SECOND POINTS OF ERROR
(Appellant's Brief, Pages 22 & 32)

In his first point of error the appellant asserts the trial Court erred in failing to submit a charge to the jury on the lesser-included offense of Evading Arrest.[1]

In his second point of error the appellant contends that the failure to submit the lesser-included offense of Evading Arrest was not harmless error.

Due to the nature of the two allegations of error the State will combine its response to the two points.


APPLICABLE FACTS

On March 6, 2014 the appellant was indicted by a Live Oak County grand jury for the offense of Evading Arrest or Detention with a Vehicle. (C.R.1-6) The indictment alleged in pertinent part as follows: "Enrique Sanchez Salazar ....on or about the 19th day of July, A.D., 2013, ....did then and there while using a vehicle, intentionally flee from A. Carrion a person the defendant knew was a peace officer who was attempting to lawfully arrest the defendant....". (C.R.1-6)

During the course of the trial's guilt phase the prosecution brought forth the testimony of five witnesses in order to establish the allegations in the indictment. Four of those witnesses were members of law enforcement and they

_____

[1] Tex. Penal Code Ann. § 38.04 (West 2013)

7

provided testimony regarding the actions of the appellant on the day of the offense.

ALBERTO CARRION

The State initially brought forth the testimony of Officer Alberto Carrion of the Three Rivers Police Department. (R.R.2-90) According to Carrion, during the early evening hours of July 19, 2013 he was patrolling the city of Three Rivers when he came in contact with a green van, which was being operated at an excessive speed on U.S. Highway 181 in the city of Three Rivers. (R.R.2-90, 91) In response, Carrion began a pursuit of the vehicle. (R.R.2-92, 93) That pursuit continued for a short period of time during which the suspect vehicle disregarded four stops signs before ultimately coming to a halt as a result of a crash. (R.R.2-93, 94)  Before the suspect vehicle came to a complete halt the driver thereof exited the vehicle and fled the location on foot. (R.R.2-93) The passengers who were unable to flee the scene of the crash were detained by Carrion as other members of law enforcement sought to apprehend the remaining suspects/actors. (R.R.2-94) Carrion discovered that the five occupants of the vehicle who had been unable to flee the scene of the accident were undocumented aliens.  As a consequence, Carrion notified the Border Patrol authorities, who thereafter made the scene. (R.R.2-96, 97)  Other members of law enforcement were able to perfect an arrest of the appellant who

8

was thereafter returned to the scene of the accident. (R.R.2-96) The appellant was subsequently released to the custody of the federal authorities. (R.R.2-96)[2]

## NOAH LEUCHNER

Leuchner was another member of the Three Rivers Police Department who testified on behalf of the prosecution at the trial's guilt phase. (R.R.2-114) According to Leuchner on the evening of July 19, 2013 he was assisting with an investigation into the circumstances surrounding the crash of a vehicle and the subsequent flight of some of the occupants of that vehicle. (R.R.2-114, 115) During the course of that investigation Leuchner found and arrested the appellant who was hiding along a fence line away from the scene of the crash. (R.R.2-115)

## ROBERTO GUTIERREZ

Gutierrez was a member of the United States Border Patrol who participated in the investigation of the events that surrounded the crash in Three Rivers. (R.R.2-121) Gutierrez related that on the evening in question he identified the passengers of the van as illegal aliens. He also arrested the appellant at the time for the offense of alien smuggling. According to Gutierrez the appellant was thereafter indicted in federal court and charged with that offense in cause number C-1-707. (R.R.2-123)

---

[2] During the testimony of Carrion the State offered and the trial Court admitted a video recording of the chase that was captured on the officer's on-board video. (R.R.2-98)

RAY MEDRANO

The final member of law enforcement to testify at the guilt phase of the trial was Officer Ray Medrano also of the Three Rivers Police Department. (R.R.2-127) According to Medrano, he had a conversation with the appellant at the time of the apprehension at which time the appellant informed Medrano that the driver of the van had been wearing a maroon shirt. (R.R.2-128) [3]

The appellant rested and closed following the State's case without calling any witnesses or offering any evidence.

At the conclusion of the evidentiary phase of the trial the appellant requested that the trial Court submit a charge to the jury authorizing them to consider the lesser-included offense of "evading arrest on foot". (R.R.2-132) That request was denied by the trial Court. (R.R.3-10) The appellant asserts that the trial Court committed error in denying that request.


STANDARD OF REVIEW

In passing upon the propriety of a trial court's denial of a charge on a lesser-included offense a reviewing court is to employ the *Aguilar/Rousseau* analysis. *Cavazos v. State, 382 S.W.3d 377 (Tex. Crim. App. 2012); Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App. 1993).* Initially a reviewing court is required to ascertain if the proof required to establish the charged offense, also

---

[3] This testimony was apparently brought forth to demonstrate that the appellant was being deceptive regarding the events in question as evidenced by the contents of the video recording when contrasted with his statements to Medrano.

10

encompasses the lesser offense. *Sneed v. State, 351 S.W.3d 63 (Tex. Crim. App. 2011); McKithian v. State, 324 S.W.3d 582 (Tex. Crim. App. 2010).* If that initial threshold element is demonstrated, then the court must ascertain whether there is some record evidence supporting a claim that if the accused is guilty of an offense, he is guilty of only the lesser offense. *Rice v. State, 333 S.W.3d 140 (Tex. Crim. App. 2011); Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007).* It is not sufficient that the jury may reject evidence regarding the charged offense; rather there must be evidence before the jury directly relevant to the lesser offense for the jury to consider before the submission of the lesser offense is mandated. *Goad v. State, 354 S.W.3d 443 (Tex. Crim. App. 2001); Hampton v. State, 109 S.W.3d 437 (Tex. Crim. App. 2003); Skinner v. State, 956 S.W.2d 532 (Tex. Crim. App. 1997).*

Initially the State would concede that the first prong of the two-part test has been satisfied; that is the offense of Evading Arrest is a lesser-included offense of Evading Arrest by Vehicle. See: *Powell v. State, 206 S.W.3d 142 (Tex. App.-Waco, 2006, pet. ref'd).*

The State would submit that the appellant's request for the submission of that lesser offense was properly denied by the trial court because the record is wholly devoid of any evidence that affirmatively demonstrated that if guilty of an offense the accused was guilty of **only** that lesser offense. See: *Hobbs v. State, 175 S.W.3d 777 (Tex. Crim. App. 2005).*

11

The appellant's first and second points of error are without merit and should be overruled

### RESPONSE TO APPELLANT'S
### THIRD POINT OF ERROR
(Appellant's Brief, Page 33)

In his third point of error the appellant asserts that the trial Court erred in allowing his former attorney to testify regarding facts that came to his knowledge through the attorney-client relationship in violation of Rule 503(b)(2), Tex. Rule Evid.

### APPLICABLE FACTS

The initial witness called by the prosecution at the trial's guilt-innocence phase was Jacir Heil. During the course of his testimony Heil related that he had served as an attorney for the appellant in United States District Court where he was charged with the federal offense of alien smuggling arising out of the series of events that led to his conviction in the instant case. (R.R.2-72 thru 82) During the course of his testimony Heil authenticated four documents that were associated with the appellant's plea in federal court, which tended to implicate the appellant in the Evading by Vehicle prosecution that was the basis for the instant conviction.[4] The appellant voiced an objection to that testimony in the trial court. Specifically, he objected to the testimony of Heil on the grounds that the prosecution had failed to designate Heil as an expert witness prior to the

---

[4] State's exhibits 1, 2, 3, & 4.

12

onset of the trial. (R.R.2-73) At no time did the appellant raise, in the trial court, an objection that the testimony of Heil would constitute a violation of Rule 503(b)(2), id. as he now asserts as error on the part of the trial Court. This allegation of error is not properly before this Court for purposes of review because it was never presented to the trial court in a timely and specific fashion. *Pena v. State, 285 S.W.3d 459 (Tex. Crim. App. 2009); Brooks v. State, 990 S.W.2d 278 (Tex. Crim. App. 1999); Broxton v. State, 909 S.W.2d 912 (Tex. Crim. App. 1995); Castro v. State, 914 S.W.2d 159 (Tex. App.-San Antonio, 1995, pet. ref'd.).*

The appellant's third point of error is not preserved for purposes of review and should be overruled.

RESPONSE TO APPELLANT'S
FOURTH POINT OF ERROR
(Appellant's Brief, Page 35)

In his fourth point of error the appellant contends that he was illegally sentenced as a habitual offender because one of the prior convictions utilized by the State of Texas to enhance his sentence to that of a habitual offender was in fact a State-Jail offense which could not properly be employed to elevate the offender to the status of a habitual offender.

13

APPLICABLE FACTS

As noted above, the appellant was indicted by a Live Oak County grand jury for the offense of Evading Arrest or Detention by Vehicle, as a habitual offender. (C.R—6) One of the "enhancement" paragraphs contained in the indictment alleged as follows: "...on the 4th day of June A.D., 2009, in cause number 2009-CRM-000050-D3 in the 341st District Court of Webb County, Texas, the defendant was finally convicted of the felony offense of Aggravated Assault With a Deadly Weapon." The appellant entered a plea of "not true" to that particular allegation. (R.R.3-34) The State subsequently offered and the trial Court admitted into evidence, State's exhibit number 8 which included, among other things, a judgment of the 341st District Court of Webb County in cause number 2009-CRM-000050-D3. The trial Court after hearing the evidence and considering the exhibits found both of the alleged "enhancement" paragraphs to be true and assessed the appellant's punishment at thirty-eight (38) years of confinement in the Institutional Division of the Texas Department of Criminal Justice.

It should be noted that at no time did the appellant voice the objection to the Aggravated Assault conviction on the grounds now alleged as error. No motion to quash the allegation was filed. Moreover, the appellant did not object to the admission of the exhibit on the grounds that it failed to demonstrate a conviction for a felony level offense that could be utilized to support a finding that the appellant was a "habitual" or "repeat" offender. In short, it appears that

the gist of the appellant's point of error is a matter of the sufficiency of the evidence to demonstrate that the State's allegation in the second "enhancement" paragraph was in fact a felony conviction that was of a nature that it could be alleged and proven so as to the trial Court to assess an enhanced punishment.

The judgment in question reflects that Enrique Sanchez was convicted following a plea of guilty on June 4, 2009 in the 341st District Court of Webb County. The plea was entered pursuant to a plea bargain agreement with the State and resulted in a four year term of confinement in the Texas Department of Criminal Justice-Institutional Division. The offense in question having been committed on January 23, 2008 and resulting in a violation of Tex. Penal Code Ann. § 22.02(a)(2). The judgment labeled the degree of the offense as a "State Jail Felony".

The appellant contends that the sentence imposed is illegal and hence void because the applicable sentencing provision prohibited the State from employing a State Jail for purposes of alleging and proving a prior felony for purposes of enhancement as was done in the instant case. See: *Tex. Penal Code Ann. § 12.42(d) (West 2013).*

An examination of the statutory provision, cited in the judgment, reveals that it is a felony of the second degree at a minimum, and can be elevated to a first degree felony under certain inapplicable enhancement provisions. See: *Tex. Penal Code Ann. § 22.02 (West 2015).* The four-year sentence imposed is one

15

that is authorized only for felony level offenses above the State Jail felony level. See: *Tex. Penal Code Ann. 12.31, et seq. (West 2015).*

The appellant apparently is asserting that because the judgment labeled the offense in question as a "State Jail Felony", that it cannot qualify as a prior conviction under the habitual offender statute regardless of the other recitals contained in the document. The State would submit that the question presented to this court is whether the evidence is legally sufficient to support the trial Court's finding that the allegation in the enhancement paragraph was true. The burden on the trial Court in a scenario is to engager in a deductive fact-finding process to determine if the enhancement allegation is true. *Jordan v. State, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008).* In determining whether the State has properly sustained its burden of proof regarding an enhancement allegation a reviewing court is to compare the evidence presented in support of the allegation to a "hypothetically correct jury charge" and determine if the evidence is legally sufficient. *Young v. State, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).* The purpose of an enhancement allegation is solely to provide an accused with sufficient notice of prior conviction that the State was seeking to employ to obtain a higher possible punishment than that provided by the charged offense. *Rhodes v. State, 778 S.W.2d 187 (Tex. App.-Beaumont 1989).*

In the case the judgment offered, and admitted into evidence by the trial Court, contains proof that is consistent with the date of the enhancement allegation, the cause number of the prior offense, the court of conviction of the

prior conviction, the name of the offense for which the appellant was convicted along with the fact that the conviction was a felony. The sole variance between the allegation in the indictment is that the indictment alleged the conviction for a "felony offense" whereas the judgment in question refers to degree of offense as a "State Jail Felony" (Apparently in error based upon the remainder of the recitals in that judgment.) The variance between the allegation and the proof has not been shown, to have deprived the appellant of adequate notice regarding that enhancement, consequently putative variance does not render the evidence of the enhancement insufficient or the sentence ultimately assessed void. See: *Freda v. State, 704 S.W.2d 41 (Tex. Crim. App. 1986); Rooks v. State, 576 S.W.2d 615 (Tex. Crim. App. 1978).*

The appellant's fourth point of error is without merit and should be overruled.

In his fifth and final point of error the appellant contends that the offense of Evading Arrest or Detention by Vehicle is not a valid third degree felony, but rather is a State-Jail Felony and the subsequent assessment of a thirty-eight year sentence under the habitual offender statute is void.

The essence of the argument advanced by the appellant is that the 82nd Session of the Texas Legislature enacted conflicting provisions regarding the offense of Evading Arrest or Detention by Vehicle and as a consequence the offense in question is properly a State-Jail felony and not a third degree felony. The appellant then posits that because he was properly convicted of only a State-Jail felony he was not eligible to be punished as a habitual offender.

The argument advanced by the appellant had been rejected by each of the appellate courts of this state that have been called upon to consider the claim. *Mims v. State, 434 S.W.3d 265 (Tex. App.-Houston [1st], 2014); Adetomiwa v. State, 421 S.W.3d 922 (Tex. App.-Fort Worth, 2014); Wise v. State, (No. 11-13-0005-CR, Tex. App.-Eastland, September 24, 2014, 2014 WL 2810097); Sneed v. State, (No. 09-14-00232-CR, Tex. App.-Beaumont, September 24, 2014, 2014 WL 4755502); Scott v. State, (No. 10-13-00159-CR, Tex. App.-Waco, March 27, 2014, 2014 WL 1271756); Peterson v. State, (No. 07-13-00155-CR, Tex. App.-Amarillo, February 10, 2014, 2014 WL 546948).*

The State would submit that the arguments advanced by the appellant regarding this point of error have been considered and rejected by the cases cited above. The State would urge this Court to adopt the holdings set forth above and reject the appellant's final point of error.

## CONCLUSION AND PRAYER

Wherefore premises considered the appellee, the State of Texas would respectfully request that this Court affirm the judgment of the lower court in all respects.

Respectfully submitted,

_____/s/_____

Edward F. Shaughnessy, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com

Attorney for the appellee
The State of Texas

## CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, attorney for the appellee hereby certify that a true and correct copy of the instant brief was delivered to Abner Burnett, 331A North Washington, Beeville, Texas 78102, counsel for the appellant, by use of the United States Postal Service on the 24 day of June , 2015.


_____/s/_____
Edward F. Shaughnessy, III


## CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III attorney for the appellee certify that the instant document contains 3898 words.

_____/s/_____
Edward F. Shaughnessy, III